COOPER v. HINMAN et ux.　　(No. 982.)

(Court of Civil Appeals of Texas. El Paso. May 15, 1919. Rehearing Denied June 12, 1919.)

1. PLEADING ⊜⟹428(7)—IMMATERIAL ISSUES —ABSENCE OF EXCEPTIONS—OBJECTIONS TO EVIDENCE.

Though it is the better practice to present exceptions to pleadings setting up supposed immaterial issues, failure so to do does not necessarily constitute a waiver or an estoppel, and prevent objection to supporting proof when offered.

2. PLEADING ⊜⟹228—WANT OF PARTICULARITY—EXCEPTION—TIME.

If plaintiff's pleading was defective for want of particularity, defendant should have excepted on such ground, following up the general rule that an exception touching the legal sufficiency, formally or substantially, of a pleading, should be made before a trial on the issues of fact.

3. PLEADING ⊜⟹404—PRESENTATION OF IMMATERIAL ISSUES—FAILURE TO EXCEPT.

The rule that failure to except to pleadings setting up supposed immaterial issues consti-

tutes a waiver or an estoppel in regard to the defect is applicable only when the issue pleaded could be saved by amending the pleading.

**4. EVIDENCE ⚛⇒444(4) — DELIVERY IN ESCROW—PAROL EVIDENCE.**

It may be shown by parol testimony that an ordinary written instrument was executed under agreement that it should not become effective except on certain conditions, but the principle is not applicable to a deed delivered to the grantees and not to a third person.

**5. VENDOR AND PURCHASER ⚛⇒232(2)—CLAIM BY THIRD PERSON—NOTICE—POSSESSION.**

Regardless of what the recorded title would show as to the ownership of land, possession is also evidence of title, and notice to a prospective purchaser of such title as the possessor has.

**6. DEEDS ⚛⇒179—DELIVERY BACK—EFFECT.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1103, requiring conveyance of realty to be in writing and signed by grantor, where the purchaser of land and his wife had received title by reason of the seller's deed to them, mere delivery of the deed back to the seller did not divest them of title, and revest the seller, to effect which a conveyance in writing back to the seller was necessary.

Appeal from District Court, Eastland County; Joe Burkett, Judge.

Suit by Ellis Cooper against H. R. Hinman and wife. From judgment for defendants, plaintiff appeals. Affirmed.

R. B. Truly, of Ballinger, Scott & Brelsford, of Eastland, and A. J. Power, of Ft. Worth, for appellant.

J. R. Stubblefield, of Eastland, for appellees.

WALTHALL, J. This suit was brought by appellant, Ellis Cooper, against appellees, H. R. Hinman and wife, Ella Hinman, to recover 50 acres of land in Eastland county. The suit is in the nature of an action of trespass to try title. The pleadings are lengthy, and we think we need not fully state them to make sufficiently clear the controlling points in controversy. The facts, briefly stated, are as follows:

On or about the 1st day of October, 1915, Dan Wagoner owned and was in possession of 160 acres of land, of which the 50 acres in controversy is a part, and on which 160 acres was a mortgage securing a loan of about the sum of $1,100, due the 1st of November, 1917. Wagoner desired to dispose of a part of the 160 acres for the purpose of satisfying said loan and releasing the remaining portion of the 160 acres of said debt. For that purpose, Wagoner and wife duly executed and delivered to H. R. Hinman and wife a warranty deed conveying said land to Hinman and wife for the consideration of two notes, one for $150 and one for $1,100, expressed in the deed and secured by the vendor's lien, due, respectively, in 1916 and 1917. The deed was never recorded. Hinman and wife went into possession of said 50 acres at the time of the purchase, and have continued to occupy same as their home ever since. Hinman paid the $150 note and the interest thereon. On the 20th day of August, 1917, Hinman and Wagoner agreed that Hinman should turn the 50 acres back to Wagoner. The terms agreed upon were that Wagoner should pay to Hinman $100, release him from any obligation for rent on the 50 acres, and cancel the $1,100 note, and that in consideration therefor, Hinman would deliver back to Wagoner the unrecorded deed he had received from Wagoner. Wagoner paid Hinman the $100 and, while the evidence is not clear, we assume that Wagoner canceled and delivered to Hinman the $1,100 note. Hinman delivered to Wagoner the deed he had received to the 50 acres, and the deed, when so received, was put in the fire by Mrs. Wagoner and destroyed. Hinman and wife made no deed to Wagoner reconveying the land. Hinman told his wife that it would be necessary to reconvey to Wagoner by the execution and delivery of a deed, but Mrs. Hinman claimed the 50 acres as her home and refused to reconvey to Wagoner.

On the 6th day of October, 1917, Dan Wagoner and wife by warranty deed conveyed the 50 acres of land in controversy to appellant, Ellis Cooper, for a consideration of $1,300, the sum of $700 paid in cash, and the balance due on time payments. At the time Cooper bought from Wagoner he lived about a mile from Wagoner, and about one-half mile from Hinman. At the time Cooper bought, he had heard from the neighbors around—it seemed to be current rumor—that Wagoner had bought the 50 acres back from Hinman. Dan Wagoner told Cooper that he had bought the place back from Hinman, and Cooper believed it. Hinman and wife were then living on and occupying the 50 acres. Cooper had lived in that neighborhood for many years, knew Hinman and wife, knew they were in possession of the place, and that they had been using, occupying, and living on the place as a home. Cooper did not ask Hinman or Mrs. Hinman anything about the place, or any claim they or either had or would make to the place. He bought the place solely on Dan Wagoner's statement that he had the property back. Much evidence was introduced to the effect that Hinman and wife had said they had sold the place back to Wagoner, and were intending to leave the place and go elsewhere, and that they had so stated to the neighbors, and, while Cooper had heard such statements, he relied wholly on what Wagoner had told him, that he had bought the place back.

Hinman retained the $100 he had received from Wagoner on the return of the deed. Mrs. Hinman knew that the $100 had been paid to her husband in order to get the place back, but received no part of it. When Wagoner conveyed the land to Cooper, he did not then know that Mrs. Hinman was making or would make any claim to the place. Mrs. Hinman, before the $1,100 note was due, told Wagoner that she had the money and would pay him the $1,100 and would pay him the $100 he had given her husband for the return of the deed; but Wagoner refused to receive either, claiming the matter had been closed by the arrangements with Hinman, as above stated.

## Opinion.

Appellant had pleaded and offered evidence to show a parol understanding and agreement between Dan Wagoner and Hinman to the effect that the deed executed and delivered by Wagoner and wife to Hinman and wife was delivered temporarily, for the specific use and purpose, and in trust, to aid Wagoner in obtaining the means, by the use of the 50 acres in question, to satisfy the debt secured by the mortgage, and for no other purpose, and that in redelivering the deed Hinman was only carrying into effect said agreement; that Hinman had abandoned the idea of making any further efforts to procure, through the use of the 50 acres, the means to discharge said mortgage debt; that because of said agreement, and because Hinman had abandoned any further effort to procure said means to discharge said mortgage debt, Hinman and wife had voluntarily returned said deed to Wagoner, and did not demand its return, and did not object to its destruction, and did not claim or assert title to the 50 acres, but submitted without objection to the recorded title of Wagoner and wife to the 160 acres of land. Hinman presented no exception to appellant's petition setting up said parol agreement, but made objection to the evidence offered to show the agreement, and the facts above stated, and evidence offered to show why Hinman and wife, after the delivery of the deed to Wagoner, concluded to assert title in themselves to the 50 acres. The evidence offered was the recent bringing in of an oil well. The court sustained the objections and the rulings thereon, and the court's rulings are made the grounds of several assignments presented in different forms.

[1-4] While it is the better practice to present exceptions to pleadings setting up supposed immaterial issues, we think a failure to do so would not, necessarily, constitute a waiver, or an estoppel, as claimed, and prevent objection to the proof when offered. If the pleading was defective for want of particularity, the appellee should have excepted on that ground, following out the general rule that an exception touching the legal sufficiency, whether of form or substance, of the pleading, should be made before a trial upon the issues of fact. G., C. & S. F. Ry. Co. v. Preston, 74 Tex. 181, 11 S. W. 1108, and cases cited. The rule claimed is applicable only when the issue pleaded could be saved by amending the pleading. But the case at bar presents the question whether the parol agreement pleaded, if established, could ingraft upon the deed delivered by Wagoner and wife to Hinman and wife any condition inconsistent with its terms, and make of the deed an escrow, to take effect on condition not expressed on its face, as might be done if delivered to a third party, a stranger to the deed. The rule is well established in this state that it may be shown by parol testimony that an ordinary written instrument was executed under an agreement that it was not to become effective except upon certain conditions, as was held in Loving v. Dixon, 56 Tex. 75. But, as said by our Supreme Court in Holt v. Gordon, 107 Tex. 137, 174 S. W. 1097:

"That principle has never been recognized by this court as applicable to a deed to land, or a deed of trust affecting the land, where the delivery of the instrument was made to the grantee, and not to a third person. It has, upon the contrary, been distinctly held that a deed or deed of trust cannot be an escrow where it is delivered to the grantee in the instrument." Holt v. Gordon, 176 S. W. 902.

See, also, Heffron v. Cunningham, 76 Tex. 313, 13 S. W. 260.

[5] Under the facts stated, appellant was not an innocent purchaser for value without notice. Hinman and wife were in actual possession of the 50 acres of land, she, at least, if not both, claiming it as a home. Regardless of what the recorded title would show as to ownership, possession is also evidence of title, and notice to a prospective purchaser of such title as the possessor has. Collum v. Sanger Brothers, 98 Tex. 162, 82 S. W. 459, 83 S. W. 184; Ramirez v. Smith, 94 Tex. 184, 59 S. W. 258.

[6] It is immaterial, we think, what Hinman's intention or agreement with Wagoner was in delivering the deed back to Wagoner. He and his wife had received the title to the land by reason of the deed to them. That meant more than simply the delivery to them of the instrument; it conveyed to them the title to the land. Conveyance of real estate must be in writing and signed by the party disposing of it. Article 1103, Vernon's Sayles' Civil Statutes. Hinman and wife having title by reason of the Wagoner deed, to get the title back to Wagoner a conveyance in writing by Hinman to Wagoner was necessary.

Under the undisputed facts shown in the record, the court was not in error in instructing the jury to find for appellees.

The case is affirmed.