The judgment is reversed, and the cause remanded.

---

MORROW et al. v. GORTER et ux.
(No. 6304.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 3, 1919.)

1. MORTGAGES  32(3)—EVIDENCE SUFFICIENT TO SHOW QUITCLAIM DEED A MORTGAGE.

Where purchaser, being unable to meet vendor's lien notes for the balance due on his purchase, gave quitclaim deed of the property to the vendor as security for such balance, the time of payment of which was to be extended for one year, the vendor agreeing to withhold the deed from record during the year, the deed although absolute on its face, was a mortgage or security for the debt.

2. MORTGAGES  37(2)—PAROL EVIDENCE ADMISSIBLE TO SHOW DEED A MORTGAGE.

The real consideration of a deed absolute on its face may always be shown by parol to be mere security for debt.

3. MORTGAGES  226—QUITCLAIM DEED BY GRANTEE OF ABSOLUTE DEED GIVEN FOR SECURITY TO GRANTEE WITH NOTICE A MORTGAGE.

Where the grantee in a quitclaim deed intended for security only himself quitclaimed the land to his daughter, who acquired it with notice of the facts, the effect of the quitclaim deed to her was to assign to her the security.

4. MORTGAGES  311—ASSIGNEE PROPER PARTY IN SUIT TO COMPEL SATISFACTION.

The assignee of a mortgage is properly joined in suit to compel acceptance of the balance due thereon and release of the mortgage, in order to adjust the equities between the mortgagor and mortgagee and assignee of mortgage and secure to mortgagor a perfect right of redemption upon payment of the balance due to the proper person.

Appeal from District Court, Cameron County; W. B. Hopkins, Judge.

Suit by George Gorter and wife against Warren Morrow and others. From judgment for plaintiffs, defendants appeal. Affirmed.

John P. Gause, of Mercedes, and Ira Webster, of Brownsville, for appellants.

Fred E. Bennett, of Mercedes, and Jas. A. Graham, of Brownsville, for appellees.

COBBS, J. This suit was brought by George Gorter and wife, Bessie Gorter, for the cancellation of a quitclaim deed executed by them to appellant Warren Morrow, and for the cancellation of two promissory vendor's lien notes executed by them to Warren Morrow as a part of the consideration for 40.3 acres of land, upon which a vendor's lien was retained to secure the payment of said two notes recited in a warranty deed executed by Warren Morrow and his wife, Mary M. Morrow, to Bessie Gorter, and for cancellation of the vendor's lien, and cancellation of a quitclaim deed executed by Warren Morrow and his wife, Mary M. Morrow, to their daughter, Marie B. Morrow, of date December 10, 1918, and for judgment vesting title and possession of said land in Bessie Gorter, appellee. As purchase price and as consideration for said land and the execution and delivery of said deed, the plaintiffs George Gorter and Bessie Gorter paid to the defendants Warren Morrow and Mary M. Morrow $1,200 in cash and its equivalent and executed and delivered to the said Warren Morrow two certain vendor lien notes for the sum of $300 each, both dated November 7, 1917, both signed by George Gorter and Bessie Gorter, maturing on their face one and two years, respectively, after their date and providing for 6 per cent. interest per annum from date until maturity and providing that past-due interest shall bear 8 per cent. interest until paid; said notes on their faces showing that they were given as part of the purchase price for said 40.3 acres of land. Said defendants Warren Morrow and Mary M. Morrow accepted said cash and said notes as full consideration and settlement of the purchase price of said land and the execution and delivery of said deed to plaintiffs.

It is further alleged that on November 19, 1918, an oral agreement was made to the effect that plaintiffs were to make, execute, and deliver to defendant Warren Morrow a quitclaim deed of the lands which defendant would accept as security for the unpaid purchase money due by plaintiff and surrender to plaintiffs the notes and extend the time of payment for the period of one year from date, permitting plaintiffs to pay it off within any time within one year with interest. In pursuance with this verbal agreement the quitclaim deed was executed and the notes surrendered to plaintiff, who thereby relinquished all claim, right, or title to said lands, and defendant likewise delivered said notes. It was a part of the agreement made orally before executing the quitclaim deed that, while in the form of a deed, it should in fact be, and construed to be, security for the

(217 S.W.)

payment of the unpaid portion of the purchase money due by the plaintiffs as evidenced by the vendor lien notes, which deed was not to be placed of record within the 12 months, and not then if the money was paid. It is alleged plaintiff paid to defendant on or about December 1, 1918, in money and other valuables, $180, which was accepted in partial payment on said notes and to discharge water and tax liens; that plaintiff on or about December 20, 1918, tendered and offered to pay to defendant the balance due on said vendor's lien notes and demanded a surrender and cancellation of said quitclaim deed and the execution of proper releases to the said notes, which was refused, and the refusal has continued, and plaintiff has continued his tender, and tenders in open court $455, the alleged balance due as the purchase price of the lands, represented by the unpaid balance on the notes. He prays judgment be rendered to such of the defendants that may be entitled to the said $455, and for a cancellation of the quitclaim deed and the vendor's notes and vesting title to said lands in plaintiffs. They pray for general and special relief.

Defendants answered by general demurrer and special exceptions that it was an effort to enforce a verbal sale of land in contravention of the statute of frauds, which requires all such transactions to be in writing. Said general and special demurrers were by the court overruled, to which action of the court the defendants duly excepted, and answered, further denying that any verbal agreement was ever made between Warren Morrow and Mary M. Morrow, appellants, and George Gorter and Bessie Gorter, appellees, that the quitclaim deed given by George Gorter and wife to Warren Morrow and wife to the land in question was to be considered as security for the notes due thereon, but says that it was a final and absolute conveyance to appellants on the part of appellees, and the consideration, to wit, the two notes of $300, each, was delivered to appellees, and the transaction was final and complete, and that said land was thereafter sold to their daughter, who is a school-teacher, for a bona fide consideration, and the deed was executed and delivered to her for said land.

The case was submitted to the jury upon special issues. Judgment based upon the answers to such special issues was rendered in favor of appellees, George Gorter and Bessie Gorter.

[1, 2] The first, second, third, fourth, fifth, eighth, ninth, and tenth assignments of error in various forms complain of the ruling of the court in respect to appellants' contention that no recovery can be had because the suit is based upon a parol contract to convey land as being in violation of the statute of frauds.

This case was submitted to the jury on special issues, and in answer to the first question it found that there was an agreement that plaintiffs could redeem the land at any time within 12 months from the date of the quitclaim deed, and in answer to the fourth question found that Marie B. Morrow knew of the redemption agreement at the time she accepted the quitclaim deed from her father. The findings are supported by the evidence.

The appellee purchased this tract of land from appellant originally for the sum of $1,200 cash and executed his two vendor's lien notes for $300 each, being remainder of the purchase price. The notes falling due, appellee not being able to pay them, appellant demanded a settlement of appellee, who requested a further extension for another year, which at first was refused, but appellant finally consented to an extension upon condition that appellee would pay off the water charges and taxes and make a quitclaim deed to appellant. As appellee did not have all the money demanded by appellant, he agreed to do this, and appellant was to hold the quitclaim deed as security for one year. So appellee paid $180, part the day before making deed and part same day. He and his wife, in pursuance of this understanding, executed the quitclaim deed. Appellant agreed to withhold it from record for 12 months, a period of time in which to allow appellee to pay the balance of the purchase price represented by the notes.

While it is true the legal title remained in the appellant after he had made the conveyance to appellee in the first instance, and appellee had only an equitable title, the legal title remaining in appellant, the reconveyance to appellant in legal effect upon the agreement still left an equity, just as in the first transaction, in appellee, to acquire title by paying off and discharging the purchase-money obligation, though in another form. This transaction created a trust relation between the parties. Appellee paid a valuable consideration for the extension for one year. Appellant accepted the trust and agreed to hold from record that deed for the sole purpose of surrendering it when the debt was paid, without a reconveyance, no doubt being the intention of the parties.

Such a state of facts brings it from under the doctrine of a naked parol agreement to sell land. The sale had been made in the first instance by an executory contract in which there was a reservation of the legal title until the purchase money was paid. Under this conveyance the appellee always had his equitable title and right to pay off the notes and obtain a perfect title. The change, by executing the quitclaim, simply changed the form of the security and fixed a time in which the debt should be discharged, but not the relation of the parties as vendor and vendee—only the form of the lien, and not the substance.

We regard the so-called quitclaim deed as a mortgage or security for the debt, and this is the finding of the jury on the facts, though

absolute on its face. The real consideration of such instruments is always subject to be shown to b'e mere security for debt. Stamper v. Johnson, 3 Tex. 4; Fowler v. Steneum, 11 Tex. 508, 62 Am. Dec. 490; Beale v. Ryan, 40 Tex. 407; Davis v. Brewster, 59 Tex. 96; Loving v. Milliken, 59 Tex. 423; Railway Co. v. Jones, 82 Tex. 156, 17 S. W. 534.

[3, 4] It appears that appellant by a quit-claim deed conveyed the land to his daughter, who acquired it with notice of all the facts. The effect of this deed was to assign to her the security. That necessitated the presence of all the appellants before the court to adjust the equities between them and secure to appellees a perfect right of redemption upon payment of the balance of the purchase money remaining due to the proper person. Bank v. Ackerman, 70 Tex. 321, 8 S. W. 45; Ufford v. Wells, 52 Tex. 619; Stone Land & Cattle Co. v. Boon, 73 Tex. 556, 11 S. W. 544.

Appellant seeks to differentiate this case from those cases in which oral proof is permitted to show that a deed absolute upon its face was intended as a mere security or held in trust or the like to that of a sale prohibited by the statute of frauds, because the deed in the instant case was delivered to the grantee, and in support of that contention cites, among other authorities which he relies mainly on to support that contention, Cooper v. Hinman, 212 S. W. 972.

In Holt v. Gordon, 107 Tex. 138, 174 S. W. 1097, the court is reannouncing the doctrine that an instrument evidencing a closed transaction on its face cannot by parol be shown to.be an escrow instrument, where such deed is delivered to the grantee. Here the deed was delivered to the appellee, but the relation of debtor and creditor continued, and the instrument took effect at once as a mortgage for the payment of the debt, the form of which had been changed, and time for payment extended for a year. The cases mentioned have no application to the facts of this case.

The facts in this case present a very strong case appealing to the equitable powers of this court. A large part of the purchase money had been paid for the land which would be lost to appellee and for which the quitclaim deed stood as security.

We do not think there is any merit in the sixth assignment that the costs or any part should be taxed against appellee. The issue as to the amount due embraced in the judgment was found by the jury upon facts which justified the verdict.

Appellee was compelled by the refusal of appellants to bring this suit. That having been done, it was proper to settle all controversies and equities in respect to the transaction in this one suit. As said in Bank v. Ackerman, supra:

"Justice has been effected between parties in this mode by overlooking the form of the transaction."

There being no error committed in this case of which appellants can complain, and believing justice between the parties has been administered under the rules of law, it leads in our opinion to an affirmance of the judgment.

Affirmed.