SPEER et al. v. DALRYMPLE. (No. 8635.)

(Court of Civil Appeals of Texas. Ft. Worth. May 12, 1917. Rehearing Denied June 30, 1917.)

EVIDENCE ⊕⇒444(4)—PAROL EVIDENCE—EXISTENCE OF CONDITION.

In action by real estate broker to foreclose a lien for his commissions reserved in a deed given in exchange of property and delivered to grantee, the grantors could not show existence of conditions upon which the instrument was delivered, in effect that the broker's notes were not to be effective until payment of purchase price notes, which in fact were not paid, owing to a re-exchange, but the land in question still standing charged with the broker's lien.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1929, 1930, 1940, 1941, 2049.]

Appeal from District Court, Johnson County; O. L. Lockett, Judge.

Suit by J. B. Dalrymple against R. M. Speer and others. Judgment for plaintiff,

and defendants R. M. Speer and T. J. Peniston appeal. Affirmed.

S. C. Padelford, W. E. Myers, and Warren & Kugle, all of Cleburne, for appellants. Ramsey & Odell and Brown & Lockett, all of Cleburne, for appellee.

CONNER, C. J. Appellee, Dalrymple, instituted this suit in the district court of Johnson county on the 5th day of December, 1914, against W. R. Grice, T. J. Peniston, and R. M. Speer, wherein he sought a recovery against the defendant W. R. Grice as the maker of two promissory notes executed by said Grice on the 20th day of September, 1912, for the aggregate amount of $300, with interest at 8 per cent. from date, and 10 per cent. attorney's fees. Both notes were payable to the defendant Peniston, or order, but were alleged to be the property of the plaintiff. The plaintiff also sought to foreclose a vendor's lien and deed of trust lien as against all the defendants on two sections of land (1,280 acres) located in Ector county, Tex., and described in plaintiff's petition. It was alleged that Peniston conveyed said land to Grice by deed dated the 20th day of September, 1912, in consideration, among other things, of the two notes sued upon, and that the said conveyance and notes expressly retained the vendor's lien to secure the payment of the notes.

The defendants Speer and Peniston pleaded and offered to prove substantially, as follows: That the plaintiff at and before the execution of the notes declared upon was a real estate agent in Cleburne, Tex.; that the defendants Speer and Peniston at that time owned the 1,280 acres of land described in the plaintiff's petition, and that the defendant Grice claimed to own an equity in about 1,300 acres of land in Panola and Shelby counties, Tex.; that the plaintiff Dalrymple as such real estate agent and representing both the defendant Grice and the defendants Peniston and Speer negotiated an exchange between the parties named of the properties referred to; that by the terms of the exchange defendants Speer and Peniston agreed to exchange their said Ector county land for Grice's said equity and two promissory notes in the sum of $3,000 each, and that Grice agreed to so exchange his property and to give said notes; that it was agreed that the defendants Speer and Peniston should have a lien upon their said Ector county land to secure the payment of the said $6,000 of Grice's notes, and that such lien was retained in the conveyance to Grice and recited in the notes and that to the same effect a trust deed lien was given by the said Grice. It was further alleged that the exchange was consummated, as stated, and that the plaintiff, Dalrymple, charged the defendants Speer and Peniston $150 as commissions for making the exchange for

them, and charged the defendant Grice with $300 as commission for making the exchange for him; that the defendants Speer and Peniston paid the commission so charged against them, but that Grice for the commission due from him executed the two notes declared upon by Dalrymple; that the defendants Speer and Peniston finally consented and agreed that said two notes might be included as among the notes made by Grice and referred to and secured by the vendor's lien in the conveyance from Speer and Peniston to Grice under the following circumstances, to wit: That said notes were to be made payable to the order of Peniston; that they were not to take effect or be delivered to Grice until after the payment of the said two $3,000 notes made by Grice. It was alleged that Peniston in fact had never indorsed or transferred said notes to the plaintiff, Dalrymple; that said $3,000 notes executed by Grice had never in fact been paid; that on the contrary at a later date specified in the petition it was ascertained by the defendants Speer and Peniston that Grice at the time of the original exchange had no equity as represented by him in East Texas lands, and that thereupon by negotiations through the plaintiff, Dalrymple, Grice reconveyed to the defendant Speer said Ector county land, and said Speer and Peniston reconveyed to Grice any and all equity covered by Grice's original deed, and surrendered to Grice his two $3,000 notes.

It is undisputed in the record that while the notes declared upon in this suit were made payable to the order of Peniston, they in fact were owned by the plaintiff, Dalrymple, having been executed by Grice, not as any part of the consideration for the Ector county land received by him at the time, but in payment of the commissions due from Grice to Dalrymple. It is further undisputed that in the re-exchange the lien upon the Ector county land to secure the two $3,000 notes originally executed by Grice was released, but no release of the lien to secure the notes declared upon in this suit appears in either allegation or proof offered. On the contrary, so far as appears from either allegation or proof, the defendant Speer, who at all times was the real owner, now holds the Ector county land charged with the vendor's lien for the payment of the notes in controversy in this suit.

The court declined to admit evidence in support of the allegations above referred to, which had been specially pleaded by the defendants Speer and Peniston, and gave to the jury a peremptory instruction which was followed by a judgment in favor of the plaintiff as against the defendant Grice for the principal, interest, and attorney's fees due upon the notes sued upon and against all parties foreclosing the liens which the plaintiff sought to foreclose, and the defendants Speer and Peniston have appealed.

While appellants' assignments are numerous, but a single material question is presented for our determination, and that is, Did the court rule correctly in excluding the evidence offered by appellants in support of the allegations of their special answer, as above set out? We think he did. As it seems to us the case of Holt v. Gordon, by this court reported in 176 S. W. 902, and later sustained by our Supreme Court, as will appear by a reference to 174 S. W. 1097, is conclusive in favor of the court's action. From the statement made it is to be observed that there is no contention by appellants that the notes sued upon by the appellee were of no effect as against the defendant Grice. The sole effort on the part of appellants was to defeat the asserted lien upon the Ector county land as reserved in the original conveyance by appellants to the defendant Grice. The rule, therefore, so strongly urged in behalf of appellants that parol evidence is receivable to show that a written instrument had been executed under an agreement that it was not to become effective save upon certain conditions, has no application. Say our Supreme Court in the case cited:

"That principle has never been recognized by this court as applicable to a deed to land, or a deed of trust affecting the land, where the delivery of the instrument was made to the grantee, and not to a third person. It has, upon the contrary, been distinctly held that a deed or deed of trust cannot be an escrow where it is delivered to the grantee in the instrument."

It must follow, we think on the authority of Holt v. Gordon, and the authorities cited by both this court and the Supreme Court, that appellants, in order to defeat the lien reserved in the deed to Grice, could not prove the facts offered in evidence. The deed without question was delivered to Grice with agreement on appellant's part that thereby a lien in express terms and by legal effect had been acquired by the appellee, Dalrymple, to secure an unquestioned debt. There is no allegation nor offered proof that upon the re-exchange of properties referred to that appellee, Dalrymple, consented or agreed that the lien so secured should be destroyed, and the evidence offered failed to have such effect. We therefore conclude that the court did not err in giving the peremptory instruction to the jury to find for the plaintiff, and the judgment will, accordingly, be affirmed.