**SPEER et al. v. DALRYMPLE et al.**
**(No. 158–3138.)**

(Commission of Appeals of Texas, Section B. May 26, 1920.)

**1. Evidence ☞431—Nondelivery of written instrument may be shown by parol.**

A defendant being sued on a written instrument is not precluded from showing by parol evidence the fact of nondelivery to defeat the effectiveness of an obligation.

**2. Bills and notes ☞489(1)—Pleadings held to present issue of nondelivery of commission notes secured by lien in deed.**

In broker's action on commission notes secured by lien reserved in deed, pleadings held to present issue of nondelivery of notes to broker.

**3. Brokers ☞88(5)—Whether broker participated in fraud inducing real estate exchange held for jury.**

In broker's action on commission notes and to foreclose lien reserved in deed, brought after the real estate transaction had been rescinded for fraud, question whether broker who acted as agent for both parties to the transaction was a party to such fraud or had notice thereof held for the jury.

**4. Brokers ☞65(1)—Broker not entitled to commissions after rescission for fraud to which he was a party.**

If broker who acted as agent for both parties to real estate exchange transaction was a party to or had notice of the fraud that induced consummation of transaction, he is in no position to assert a lien for commissions on one of the tracts of land conveyed, reserved in the deed after the transaction had been rescinded because of such fraud, though rescission did not specifically provide for the cancellation of commission notes.

**5. Brokers ☞77—Broker estopped from asserting lien for commissions after rescission for his fault.**

If broker who had acted as agent for both parties to real estate exchange transaction was a party to or consented to rescission of transaction on ground that it had been induced by fraud, he could not enforce the lien on land of defrauded party, reserved in the deed by which the land was conveyed.

**6. Evidence ☞434(12)—Parol testimony as to fraud and rescission therefor held admissible.**

In broker's action on commission notes and to foreclose lien reserved in deed, parol evidence that notes had not been delivered, that transaction had been induced by fraud, and had been rescinded because of such fraud, held admissible; such evidence not seeking to alter written contracts, but merely attacking their efficacy as binding because of fraud and authorized rescission.

**7. Brokers ☞82(4)—Vendors may assert their lien in broker's action to foreclose lien for commissions.**

In broker's action on commission notes and to foreclose lien reserved in deed, where broker's lien as shown by facts pleaded was inferior to vendor's lien for purchase price, vendors were entitled to show they had a lien superior to that of broker, and to have jury pass on such issue.

**8. Equity ☞39(1) — Having jurisdiction, equity will adjust all rights of the parties.**

Equity having the parties, the subject-matter, and the facts before it, will adjust, in consonance with the rules of equity, the rights of the parties arising on the pleadings and the facts.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Suit by J. B. Dalrymple and another against R. M. Speer, T. J. Peniston, and another. Judgment for plaintiff was affirmed by the Court of Civil Appeals on appeal by named defendants (196 S. W. 911), and named defendants bring error. Judgment of Court of Civil Appeals and of district court reversed, and cause remanded.

W. E. Myres, of Ft. Worth, and S. C. Padelford, of Cleburne, for plaintiffs in error.

H. P. Brown and Ramsey & Odell, all of Cleburne, for defendants in error.

SADLER, P. J. This suit was filed in the district court of Johnson county by J. B. Dalrymple to recover upon two notes executed by W. R. Grice for $300 each, with interest and attorney's fees, and for a foreclosure of a contract lien on two sections of land in Ector county. The defendants in the foreclosure were Grice, T. J. Peniston, and R. M. Speer.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The plaintiff alleged that he was the owner of the notes by transfer; that they were executed by Grice to Peniston, or order, in part payment for the land, and were secured by the liens reserved in a deed and deed of trust. Peniston and Speer were made parties to the foreclosure, as asserting some interest in the land. There was neither written transfer nor indorsement of the notes by Peniston.

The plaintiffs in error answered controverting every material allegation of the petition, and by special plea alleged that prior to and at the date of the making of the two notes Dalrymple was a real estate agent; that they were the owners of 1,280 acres of land in Ector county, described in the petition; that Dalrymple represented that Grice owned an equity of $1,300, or more in certain land in Panola and Shelby counties; that, acting as agent for both landowners, Dalrymple was instrumental in bringing about the exchange of lands by them, upon an agreement that Grice should convey to Peniston his east Texas lands and pay $6,000 evidenced by two notes of $3,000 each, payable to Peniston or order, secured by a vendor's lien upon the Ector county land; that Dalrymple and Grice fraudulently represented to plaintiffs in error that Grice owned the equity in the east Texas lands, that he had good title thereto, and that such equity was of the value of $1,300 or more; that, when the papers were drawn to close the deal, the deed from Peniston to Grice was made to recite as deferred purchase money on the Ector county land only the two $3,000 notes secured by the contract lien retained in the instrument; but that, at the special request of and for an accommodation to Dalrymple and Grice, it was agreed that the notes in suit might be included in the deed from Peniston to Grice, and secured by the contract lien retained against the land; that these two notes did not represent any part of the consideration due for the land, were no part of an obligation of either Peniston or Speer to Dalrymple, but covered solely an amount due by Grice to Dalrymple for commissions in the deal accruing to Dalrymple from Grice; that the papers were so executed upon the distinct contract and agreement on the part of all the parties to the transaction that these two notes should be payable to Peniston or order, should be held by him, not to be delivered to Dalrymple until after the two $3,000 notes were paid, and that the notes in suit were not to become binding as liens or obligations against the land until the payment of these two $3,000 notes and the delivery of the commission notes by Peniston; that, while Peniston held the legal title to the land, the beneficial title was in Spear, and this was known to the parties making the deal; that the $3,000 notes were never paid, and that

the two notes in suit were never in fact transferred and delivered by Peniston to Dalrymple; that Dalrymple obtained possession of the commission notes in breach of this agreement, and without the consent of either Peniston or Speer; that he sought to obtain a transfer of the notes from Peniston, which was refused by the plaintiffs in error. It was alleged that, after the exchange of deeds on the part of Grice and Peniston, it was discovered that Grice did not own any equity in the Panola and Shelby county lands, and in fact did not own any lands in Panola or Shelby county, and that this was known to Dalrymple; that, upon such discovery, Speer called upon Dalrymple, informed him of the facts, and he agreed to bring about a rescission of the trade; that he did so by obtaining from Peniston and Speer a reconveyance of the east Texas lands to Grice, and a conveyance of the Ector county land by Grice to Speer, in cancellation of the two $3,000 purchase-money notes, and in full rescission of the trade; that Dalrymple was a party to, negotiated, and agreed to this rescission; that the two notes in suit were never in fact delivered to Dalrymple so as to become binding liens upon the land.

The plaintiffs in error undertook to defeat the foreclosure upon these allegations, and tendered proof of the facts alleged, which was excluded by the court.

Plaintiffs in error also sought, in an alternative plea upon the facts, to have a foreclosure of the two $3,000 notes as prior liens against the land, in the event the lien of the commission notes should be decreed to be valid; and tendered proof upon this alternative plea, which was likewise excluded by the court.

The court excluded all evidence, save that offered by the plaintiff in support of his action.

After the evidence was in, the trial court peremptorily instructed the jury to return a verdict for the plaintiff—which was done. Thereupon judgment was rendered in favor of the plaintiff against Grice for the amount of the two notes, with a foreclosure on the Ector county land. On appeal, this judgment was affirmed by the Court of Civil Appeals (196 S. W. 911), and writ of error was granted by the Supreme Court in the view "that the evidence offered by Speer and Peniston under their special plea was admissible and that the court erred in giving the peremptory charge."

## Opinion.

As the Court of Civil Appeals seems to have reached its conclusion that no error was committed in excluding the evidence offered by the plaintiffs in error upon the authority of Holt v. Gordon, 107 Tex. 137, 174 S. W. 1097, and (Civ. App.) 176 S. W.

902, it will not be amiss to discuss the effect of that decision before proceeding further in the case.

Holt v. Gordon is clearly distinguishable from the instant case. That decision is a correct announcement of the law with reference to the facts upon which based. On September 28, 1906, Holt conveyed to Gordon 60 acres of land for a consideration of $2,800. The deed recited $1,300 cash and two notes of $750 each, payable to Holt, and secured by the vendor's lien retained. Thereafter, on November 1, 1906, Gordon executed to Holt his note for $1,300, which was secured by a deed of trust upon another tract of 212 acres of land owned by Gordon. This $1,300 note represented the cash consideration recited in the deed from Holt to Gordon. The deed was delivered to Gordon, and the deed of trust and notes to Holt, thus completing the transaction.

Afterwards Gordon endeavored to cancel the trade by tender of rescission. This Holt refused, and brought suit upon all the notes to foreclose his vendor's lien and deed of trust lien. Gordon defended upon the plea that it was agreed at the time of the execution and delivery of the papers between him and Holt that the transaction should not be binding upon him unless he could borrow the money upon the 212 acres of land to take up and extend the $1,300 note. It was held to be improper to permit parol evidence of this agreement, in the absence of fraud in inducing the making of the contracts and the delivery of the papers, as it would be ingrafting new terms upon the written deed and deed of trust. The holding in that case proceeded upon the fact that delivery had been completed between the parties.

In the instant case the charge is that the notes in fact never had been delivered to Dalrymple in such manner as to make them effective against the Ector county land, and that delivery was a condition precedent to the effective obligation of the notes as liens on the land.

[1] We know of no authority, nor have we been cited to any, which precludes a defendant from showing by parol evidence the fact of nondelivery to defeat the effectiveness of an obligation. As we view Holt v. Gordon, it is authority for the admission of parol evidence to show nondelivery in fact, and to show the contract between the parties with reference to delivery. Had Gordon placed his notes and deed of trust in escrow for delivery upon the conditions pleaded by him, his right to show the facts is not denied by the holding in Holt v. Gordon, but is sustained by that decision.

[2] The pleadings of the parties in the instant case are sufficient to present an issue as to nondelivery, and to admit parol evidence upon that issue. 10 R. C. L. p. 1053, § 249.

[3] The plaintiffs in error also charged fraud in the procurement of the exchange of the lands, and laid this at the door of Dalrymple and Grice. They relied upon this fraud as vitiating the exchange and authorizing a rescission by the respective property owners without reference to the commission notes. As we understand the issue presented with regard to fraud, it is that Dalrymple, being a party to the original transaction, cannot assert the notes which he held. as liens against the land where rescission has been had on account of the fraud. The rescission was alleged to have been necessitated, not only because of the failure to pay the purchase money notes by Grice, but also because of the primary fraud chargeable to both Grice and Dalrymple. On this issue the plaintiffs in error were entitled to have the facts passed upon by the jury.

[4] We are of opinion that if Dalrymple was a party to, or had notice of, the fraud which induced Peniston and Speer to act, then he is in no position to assert a lien against the Ector county land, because rescission may have been had without specific cancellation of the commission noted. Under the facts alleged by Dalrymple, the notes, as commercial paper in his hands, may be legal obligations of Grice; but as to whether they were valid liens against the land, was an issue which should have been determined by the jury upon the facts pleaded as they may have been established by the evidence.

[5] We are of opinion, also, that even though the notes may have been delivered to Dalrymple under such circumstances as made them binding liens against the Ector county land so long as the parties continued in recognition of the validity of the trade, yet, should it be determined from the pleadings and facts that Dalrymple was such a party to, and so consented to, the rescission as to evidence a waiver of the accommodation lien securing the notes, he cannot enforce such lien, and would be estopped to assert same as against the land.

We have carefully considered the authorities upon which the defendants in error rely, and are of opinion that they do not militate against, but are in support of our holdings.

The trial court erred in excluding evidence tending to establish the defenses pleaded, and deprived plaintiffs in error of substantive legal rights.

[6] The evidence offered did not seek to alter written contracts, but, recognizing the terms of the written obligations, attacked their efficacy as binding, because of nondelivery, fraud, and an authorized rescission. The defense is that the commission notes as made never became binding as liens against the Ector county land or were released by the rescission. Prouty v. Musquiz, 94 Tex. 87, 58 S. W. 721, 996.

[7, 8] Should the plaintiffs in error fail to sustain their defenses of nondelivery, fraud, and rescission, as against Dalrymple, we do not think that they are thereby deprived of their right to show that Dalrymple is the holder of a lien inferior to the lien existing in favor of plaintiffs in error to the extent of the consideration which Grice had obligated himself to pay in purchase of the land. The facts alleged in the pleadings clearly show on this branch of the case that Dalrymple was an inferior lienholder to the extent of the actual consideration for the land which Grice contracted to pay. If the evidence establishes the truth of the allegations, the Ector county land simply stood as a surety for Grice as to the Dalrymple notes, subject to the superior claim of the plaintiffs in error to the extent of the purchase price. On this issue, therefore, we think the court should have heard the evidence, and have permitted the jury to resolve the facts. So far as the foreclosure is concerned, Dalrymple is seeking the aid of equity, and a court of equity, with the facts before it, should administer equity. Having the parties, the subject-matter, and the facts before it, a court of equity will adjust in consonance with the rules of equity the rights of the parties arising on the pleadings and the facts.

The trial court committed substantial error in depriving plaintiffs in error of the right to support their defenses by proof, and in giving the peremptory charge.

The judgments of the Court of Civil Appeals and of the district court should be reversed, and the cause remanded for a new trial.

PHILLIPS, C. J. We approve the judgment recommended in this case, and the holding of the Commission on the question discussed.