**LUCKEL v. PHILLIPS PETROLEUM CO.***
(No. 9669.)

(Court of Civil Appeals of Texas. Fort Worth. June 18, 1921. Rehearing Denied Oct. 15, 1921.)

**1. Mines and minerals ⬤⇒6—Oil and gas permit gives transferable rights.**

A permit to prospect state lands for oil and gas, issued under Acts 35th Leg. (1917) c. 83 (Vernon's Ann. Civ. St. Supp. 1918, art. 5904 et seq.), confers a right or interest which may be the subject of a contract or transfer.

**2. Mines and minerals ⬤⇒6—Innocent purchaser of oil and gas permit protected.**

One purchasing the permit to prospect state lands for oil and gas from another who holds all the evidence necessary under the law to show ownership in him is entitled to be protected as an innocent purchaser.

**3. Mines and minerals ⬤⇒6—Innocent purchaser of oil and gas permit can transfer good title to one with notice.**

An innocent purchaser of an oil and gas permit to prospect state lands without notice that his vendor acquired the permit as agent for another acquires good title thereto, and can convey all that he possesses, so that a purchaser from him has good title as against the principal of the original vendor, though the last purchaser had notice of the agency at the time of purchase.

Appeal from District Court, Stephens County; W. R. Ely, Judge.

Action by F. L. Luckel against the Phillips Petroleum Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Sayles & Sayles, of Eastland, and Wm. E. Hawkins and L. D. Hawkins, both of Breckenridge, for appellant.

H. A. Turner, of Fort Worth, for appellee.

BUCK, J. Plaintiff, F. L. Luckel, filed suit in the district court of Stephens county against the Phillips Petroleum Company, a corporation, for an undivided one-half interest in 31.5 acres of land in Stephens county, and described in the petition. He alleged that he and Joe Darnall had been partners in the abstract business in Breckenridge, Stephens county, on December 2, 1918, and prior thereto, and that they dissolved partnership January 1, 1919; that it was understood and agreed between plaintiff and Darnall that as a partnership business they, and each of them, should make application to prospect for petroleum and gas on lands situated in Stephens county, belonging to the public school fund of the state of Texas, and share equally in the profits therefrom; that, in accordance with said partnership agreement, Darnall on December 2, 1918, made application for the permit to prospect for oil and gas on the land in question, filing the same with the county surveyor, as provided for by law, and that subsequent to the dissolution of partnership the land was duly surveyed, and the field notes and sketch thereof duly filed, and a gas and oil permit issued to Darnall by the proper authorities of the state; that Darnall did not disclose to plaintiff, and plaintiff did not know when he dissolved the partnership existing between them of these facts. He further alleged that Darnall subsequently sold the oil and gas permit and the rights thereunder to one C. F. Roeser, and that Roeser sold it to the defendant, but that both Roeser and defendant had knowledge of his partnership interest in the lease when they bought it.

Defendant replied by a plea of not guilty, a general demurrer, and denied that at the

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error granted February 15, 1922.

time it bought the oil and gas permit plaintiff had any interest therein, and further pleaded that the defendant had no knowledge of plaintiff's claim when he purchased the permit, and that he paid a valuable consideration therefor and was an innocent purchaser. From a judgment for defendant, plaintiff has appealed.

The evidence sustains the following findings of facts: That plaintiff and Darnall were partners until January 1, 1919; that it was within the scope of their partnership agreement to search for unsold state land in Stephens county, and to apply for oil and gas permits thereon; that on December 2, 1918, Darnall applied to the county surveyor for "a petroleum and gas prospect" on an unnamed number of acres, "about 12 mi. N. 20 deg. E. of Breckenridge; bounded on north by Watkins Noble survey and the Clear fork of the Brazos river; bounded on east by sur. 20, blk. 2, T. & P. R. R. Co.; bounded on south by Sarah Bradley survey; bounded on west by B. H. Epperson survey." On March 1, 1919, the county surveyor certified his field notes of the tract which, in the main, agree with the description, as to location of the land mentioned in the application, and certified that there were 31.5 acres in the tract surveyed. On May 9, 1919, an oil and gas permit was issued by the commissioner of the general land office to Joe Darnall, covering this land. On August 23, 1919, Darnall sold to C. F. Roeser the gas and oil permit for $11,000 cash. This instrument was filed for record in Stephens county September 18, 1919. On September 12, 1919, plaintiff filed an instrument in the county clerk's office reading as follows:

"I hereby certify that I have one-half interest in the mineral permit issued by the commissioner of the general land office, to Joe Darnall, dated ———, recorded in Deed Records of Stephens County in Volume 62, page 478, said land being situated in Stephens county, Tex., and fully described in said permit above referred to.
"[Signed] F. L. Luckel."

Roeser had the title to the land examined by attorneys, and their opinion failed to show that the plaintiff had any interest therein. On September 13, 1919, Chas. F. Roeser, in consideration of the payment in cash by the Phillips Petroleum Company of $23,625, sold and assigned an undivided three-fourths interest in and to said permit to the latter company. The defendant had an abstract of title to this land examined,

and its attorneys failed to report that plaintiff had any title to or interest therein.

[1, 2] We think that an oil and gas permit issued under and by virtue of chapter 83, Laws 1917 (article 5904 et seq., Revised Statutes 1918 Supplement), confers a right of interest which may be the subject of a contract or transfer, and that one purchasing such permit from another, holding all the evidence necessary under the law to show ownership in him, is entitled to be protected as an innocent purchaser. In Wethered v. Boon, 17 Tex. 143, it was held that, where an agent, in violation of the instructions of his principal, procures a headright certificate to be issued to himself as assignee instead of to his principal, he holds the title for the principal; but as to the third persons who are not proved to have had notice of the contract or of the interest of the beneficiary, and who purchased for value, the agent will be regarded as the true owner of the certificate, and that such purchaser will be protected as an innocent purchaser without notice. In Johnson v. Newman, 43 Tex. 628, it was held that a headright certificate is in the nature of personalty, and can be sold and delivered as chattels, and a purchaser without notice of a prior assignment of the right to the certificate would take a good title. These two cases have been cited with approval by our Supreme Court and the Courts of Civil Appeals in many subsequent decisions.

[3] It is not disputed that at the time Roeser purchased the permit he had no notice, either actual or constructive, of any claim made by the plaintiff, and therefore he, as innocent purchaser, acquired a title free of any interest or claim thereto asserted by plaintiff. Having acquired a good title, he was authorized to convey all the title that he possessed. Hence we conclude that we cannot disturb the judgment of the trial court, and that it should in all things be affirmed.

In so deciding, we pretermit any discussion as to whether or not the permit granted by the state conveys an interest in the land, and therefore comes under the case of National Pipe Line Co. v. Teel, 95 Tex. 588, 68 S. W. 979, and other cases following it, for we believe that, even though the permit does not convey any interest in the land. Darnall had all the evidences of complete title, so far as plaintiff was concerned, and the authority to convey such complete title.

Judgment affirmed.