Argued October 5, decided October 17, 1911.

## DU RETTE v. MILLER.

[118 Pac. 202.]

TENANCY IN COMMON—LEASE—EFFECT.

1. A lease of common property, signed only by part of the cotenants who acquiesced in its delivery to the lessee, though not binding on those

who did not sign it, operated to transfer to the lessee the possession and right in the property of those executing it, for the term, so that the lessee thereby became to that extent a tenant in common with the others.

PARTITION—INCUMBRANCE—LEASE.

2. Where partition of common property is made after a lease had been executed by less than all of the cotenants, the decree is subject to the lease as to the interest of all the cotenants who signed it.

LANDLORD AND TENANT—LEASE—SURRENDER.

3. Evidence *held* insufficient to show surrender of a lease as to a part of the property covered thereby.

TENANCY IN COMMON—LEASE—SURRENDER.

4. A lease of common property cannot be surrendered to one of the co-owners, so as to bind the others.

From Marion: WILLIAM GALLOWAY, Judge.

Statement by MR. CHIEF JUSTICE EAKIN.

This is a suit by F. R. Du Rette against Inez B. Miller and Brandford J. J. Miller, to enjoin defendants from taking possession of, or turning stock into, a field occupied by the plaintiff under a lease.

On April 22, 1908, the defendants and others tenants in common, 12 in all, the heirs of G. B. Miller, deceased, attempted to lease to plaintiff about 220 acres of land, in two tracts, known as the 100-acre and the 120-acre tracts. The terms of the lease were agreed upon, and it was signed by defendant Mrs. Miller for herself and three minor heirs, and by defendant Brandford J. J. Miller and three others. Some of the heirs did not sign it, but it was delivered to plaintiff, and he entered into possession thereunder; the term of the lease being six years from October 1, 1908. Plaintiff farmed the 100-acre tract in 1908, by some arrangement not under the lease, summer-fallowed the 120-acre tract, and seeded it in the fall under the lease. The land was partitioned among the heirs in 1909, by which the 100-acre tract was assigned to Mrs. Miller, and the 120-acre tract to five or six of the heirs, which ones does not appear, but

included the three minors. Evidently on account of some friction between plaintiff and defendant Mrs. Miller, plaintiff wrote her a letter, on May 11, 1909, in which he says:

"We will not be able to farm your land another year; so feel would let you know in time so you can arrange for summer-fallow. I feel this is the only course left for me, as it seems our mode of farming does not meet your approval."

Mrs. Miller accepted the surrender of the 100-acre tract, and plaintiff cropped the 120-acre tract that year, when, in August, 1909, Mrs. Miller treated the surrender as including that tract also, and she and Brandford attempted to take possession of it, and this suit was commenced to enjoin them.

Defendants deny the execution and delivery of the lease, but admit its terms were agreed upon and the lease signed as above mentioned; allege that plaintiff failed to comply with the terms of lease, and on the 11th day of May, 1909, surrendered the land, and that Mrs. Miller took possession of it. There was a decree for plaintiff, and defendants appeal.        AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. George G. Bingham.*

For respondent there was a brief over the names of *Mr. John H. McNary, Mr. William M. Kaiser* and *Mr. Myron E. Pogue,* with oral arguments by *Mr. McNary* and *Mr. Pogue.*

Opinion by MR. CHIEF JUSTICE EAKIN.

1, 2. All the lessors who signed the lease acquiesced in the delivery of it to plaintiff, and if it is not binding on those not signing it, yet it operates to transfer to plaintiff the possession and right in the property for the term of the lease by those executing it, and thereby plaintiff became the tenant in common with the other

owners. As the partition was made after the lease was executed, it was made subject to the lease as to all who signed it. Mrs. Miller cannot forfeit the lease for a breach of its terms. That can only be done by the lessors, or in a suit to which they are parties. Nor is a forfeiture alleged or relied on in the answer. The breach is only alleged as a circumstance leading to the surrender.

3. Therefore the only question for consideration is whether plaintiff surrendered the 120-acre tract, being the north field, which defendants contend was surrendered, as well as the 100-acre tract, by the letter of May 11, 1909; whereas, plaintiff denies that he surrendered it. The fact that the 100-acre tract was assigned to Mrs. Miller more than two months before the letter was written, and that the letter mentions the land surrendered as "your land," making no reference to the lease or the other land, it must be held to refer to the 100-acre tract. The lease does not provide for a crop for the year 1908, and the 120-acre tract was being cropped by plaintiff in 1909. The letter purported to be a present surrender, "so you can arrange for summer-fallow," showing that it could not have had reference to the 120-acre tract.

4. Neither could plaintiff have surrendered it to Mrs. Miller to bind the other owners of that tract, or to release him from liability to them. The 100-acre tract was the only land he could surrender to her alone, and we conclude that, not only by the language of the letter, but by the light of all the surrounding circumstances, plaintiff did not surrender the 120-acre tract. By the terms of the lease, plaintiff had exclusive use of the land as against those signing it, and the action of defendants in attempting to take possession and turn stock upon it was without right, and we find no error in the decree of the court.        AFFIRMED.