## R. T. HOLT v. F. J. GORDON.

### No. 2386. Decided April 7, 1915.

**Deed—Contract—Varying by Parol Evidence.**

Where a conveyance of land and notes for the purchase money, with a deed of trust securing them, have been delivered to the vendee and the vendor respectively, parol evidence can not be received to vary the terms of the contract by showing, to defeat an action on the notes, that the contracts were to be effective only on condition, as that they were to have effect in case vendee should succeed in procuring a loan to make the cash payment recited. (Pp. 138, 139.)

Questions certified from the Court of Civil Appeals, Second District, in an appeal from Erath County.

*J. C. George* and *M. F. Martin,* for appellant.—Cited: Earl v. Marx, 80 Texas, 39; Sanborn v. Murphy, 86 Texas, 441; Faires v. Cockrell, 88 Texas, 93, 431; Byars v. Byars, 11 Texas Civ. App., 567; Boulware v. Victor Auto Mfg. Co., 134 S. W., 9; Clarke & Co. v. East Texas F. Ins. Co., 1 Texas Civ. App., 238; Lambert v. McClure, 12 Texas Civ. App., 577; Cotulla v. Barlow, 115 S. W., 297; Sutor v. International & G. N. R. Co., 125 S. W., 946; McCartney v. McCartney, 53 S. W., 390; Holmes v. Coryell, 58 Texas, 688.

*J. B. Keith,* for appellee.—Where a contract is made and delivered under an agreement that it shall not be binding on the parties thereto except upon certain conditions, it is competent to plead and prove as a defense to said contract the conditions upon which it was executed, and that the conditions had not been met, notwithstanding such conditions were not expressed in the contract and were oral. Pope v. Taliaferro, 115 S. W., 312; Hansen v. Yturria, 48 S. W., 797; Henry v. McCardell, 40 S. W., 172; Merchants Nat. Bank v. McAnulty, 31 S. W., 1096.

MR. JUSTICE PHILLIPS delivered the opinion of the court.

The certificate of the honorable Court of Civil Appeals, which contains the question propounded for determination, is as follows:

"In the above entitled cause plaintiff, R. T. Holt, sued to recover judgment against defendant, F. J. Gordon, on three promissory notes executed by defendant in plaintiff's favor. According to allegations in plaintiff's petition two of the notes were for the principal sum of seven hundred and fifty dollars each, dated September 28, 1906, and executed contemporaneously with a deed from plaintiff to defendant to sixty acres of land upon which a vendor's lien was retained to secure payment of said two notes. The third note was for the principal sum of thirteen hundred dollars, dated November 1, 1906, given in part consideration for said sale of the sixty-acre tract and to cover the amount which had been falsely recited in the deed as a cash consideration paid by defendant. This thirteen hundred-dollar note was further secured by a deed of trust executed by defendant on another tract

of land of two hundred and twelve acres owned by defendant. Plaintiff alleged the liens mentioned above and prayed for foreclosure of the same.

"In reply to the petition the defendant alleged that at the time of the execution to him of the deed to the sixty acres, there was a parol agreement between the parties that neither the deed nor the notes then executed should become effective and binding upon the respective parties, unless the defendant should thereafter succeed in procuring a loan of thirteen hundred dollars upon the two hundred and twelve-acre tract with which to pay the item of thirteen hundred dollars recited in the deed as cash paid; that he was unable to secure such a loan; that thereafter he abandoned possession of the sixty-acre tract and tendered to plaintiff a deed reconveying the same to him, together with possession thereof; also made the same tenders in his answer, and that by reason of these facts neither the notes, nor the deed, nor the deed of trust ever became effective and binding upon the respective parties executing them. There was evidence to support this plea which was submitted in the court's charge and which was sustained by the jury, and final judgment was rendered in defendant's favor. Plaintiff appealed from the judgment and on a former day of the present term this court held that the trial court erred in admitting such testimony over plaintiff's objection that its effect was to vary the terms of the written instruments; and upon that ruling we reversed the judgment of the trial court and remanded the cause. An amplified statement of the proceedings referred to and of the question determined, together with the reasons advanced to sustain our decision, will be found in our written opinion, which accompanies this certificate as a part hereof.

"It appears that our decision upon the issue stated is in conflict with the decision of the honorable Court of Civil Appeals for the Third Supreme Judicial District in Pope v. Taliaferro, reported in 51 Texas Civ. App., 217, 115 S. W., 309. Appellee has filed a motion for rehearing and to certify the question decided.

"We, therefore, submit for your determination whether or not we were correct in the conclusion noted."

It is our opinion that the Court of Civil Appeals correctly ruled the evidence to be inadmissible. It may be shown by parol testimony that an ordinary written instrument was executed under an agreement that it was not to become effective except upon certain conditions. Loving v. Dixon, 56 Texas, 75; Burke v. Dulaney, 153 U. S., 228, 38 L. Ed., 698, 14 Sup. Ct., 816; Blewitt v. Boorum, 142 N. Y., 357, 40 Am. St., 600, 37 N. E., 119; Merchants National Bank v. McAnulty, 31 S. W., 1091. But that principle has never been recognized by this court as applicable to a deed to land, or a deed of trust affecting the land, where the delivery of the instrument was made to the grantee, and not to a third person. It has, upon the contrary, been distinctly held that a deed or deed of trust can not be an escrow where it is delivered to the grantee in the instrument. In Heffron v. Cunningham, 76 Texas, 313, 13 S. W., 260, Heffron purchased certain property in Galveston from Mrs. Wicks, giving his three notes in payment and executing a trust deed to

secure their payment. He received the deed to the property from Mrs. Wicks, and made delivery of the deed of trust. Heffron contended that there was a verbal agreement, at the time he executed the notes, that if the title to the property was not cleared within a certain time, the trade was not to be considered as binding. In passing upon the question whether evidence of such an agreement was admissible to defeat the suit upon the notes, it was held, in the opinion of Chief Justice Stayton:

"At the time that endorsement was made appellant executed the notes and deed of trust to secure the purchase money, and received a deed from Mrs. Wicks. These were all delivered, and none of them evidenced other than a completed contract, whereby without condition appellant promised to pay the purchase money and Mrs. Wicks conveyed the property. The deed was delivered to appellant, and there can be no claim that he held it as an escrow, to take effect on condition not expressed in its face, as might have been shown to be the case had it been delivered to a stranger. Having been delivered to appellant, the grantee, it became an absolute conveyance, on which could not be engrafted by parol evidence any condition inconsistent with its terms.

"In absence of fraud or mistake it can not be shown by parol evidence that the contract evidenced by it was not to have effect in case the title was not cleared within ninety days. The notes and deed of trust are in the same condition."

That ruling can not be regarded other than as decisive of this question. Holt's deed was delivered to Gordon, the grantee named in it; and, accordingly, immediately took effect. The notes were executed as a part of the transaction, and with the deed effective, they were equally binding.

Other illustrative authorities upon the question are: McLendon v. Brockett, 32 Texas Civ. App., 150, 73 S. W., 855; East Texas Fire Ins. Co. v. Clarke, 1 Texas Civ. App., 238, 21 S. W., 277; Devlin on Deeds, sec. 314; 3 Wash., Real Property, sec. 584.