SPRINGFIELD FIRE & MARINE INS. CO.
v. MORGAN. (No. 1927.)

(Court of Civil Appeals of Texas. Texarkana.
March 11, 1918. Rehearing Denied
March 21, 1918.)

1. INSURANCE ⬤⇒328(2) — FIRE INSURANCE—
CHANGE IN TITLE — SALE — DELIVERY OF
DEED.
  Where the holder of a fire policy covering a dwelling house sold the dwelling house and executed deed to the buyer, with an assignment of the policy, and he, being unable to pay the purchase-money notes, reconveyed the premises to his vendor, and, after destruction of the house by fire, assigned the insurance policy back, if, when delivered from the buyers to their vendor, their deed became effective as a conveyance, it

passed title within the meaning of the stipulation in the policy avoiding it for such change.

2. DEEDS ⬤⇒208(7)—DELIVERY—SUFFICIENCY
OF EVIDENCE.
  In an action on a fire policy, wherein the insurer claimed that the policy was avoided by a change in title, evidence held to show conclusively that deed back to plaintiff, executed by the husband and wife to whom he had sold, became effective as a conveyance when it was delivered to plaintiff; the delivery not being to the bank of which plaintiff was president to hold until he obtained and canceled the husband's purchase money notes.

3. ESCROWS ⬤⇒3—DELIVERY IN ESCROW—IN-
TERVENTION OF THIRD PERSON.
  The grantee named in a deed cannot hold it as an escrow, and it takes effect on delivery despite his agreement that it shall not be effective as a conveyance until he has done certain things.

4. INSURANCE ⬤⇒328(1)—FIRE INSURANCE—
STIPULATION AS TO CHANGE IN TITLE—VA-
LIDITY.
  Stipulation in a fire policy that it should be void on any change in the title of the insured premises was valid.

Error from District Court, Gregg County; Daniel Walker, Judge.

Suit by T. C. Morgan against the Springfield Fire & Marine Insurance Company. To review judgment for plaintiff, defendant brings error. Reversed, and judgment rendered.

January 4, 1913, plaintiff in error issued a policy to Mrs. M. A. Yates insuring her in the sum of $750 against loss by fire of a dwelling house she owned. Mrs. Yates afterwards sold the house to defendant in error, and on January 22, 1914, assigned the policy to him. On the next day thereafterwards, to wit, January 23, 1914, defendant in error, in consideration of $500 and two notes for $500 each made by one Newton, conveyed the house and assigned the policy to said Newton. Defendant in error assigned the notes to one Harris, and provision was made by an indorsement on the policy for the payment to Harris as his interest appeared of loss it covered. Newton was not able to pay the notes; and by a deed dated February 17, 1915, in which he was joined by his wife, reconveyed the house to defendant in error in consideration of $1 "and the further consideration," it was recited in the deed, "of the cancellation and surrender" of the notes. Thereafterwards, to wit, about July 8, 1915, the house was destroyed by fire. March 14, 1916, Newton assigned the policy to defendant in error, who commenced this suit thereon by a petition filed November 9, 1916. The policy contained a stipulation as follows:

"This entire policy. * * * shall be void * * * if any change, other than by the death of the insured, take place in the interest, title, or possession of the subject of insurance (except change of occupants without increase of hazard), whether by legal process or judgment or by voluntary act of the insured or otherwise."

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Plaintiff in error claimed that the effect of the deed of Newton and wife was to pass their interest and title in and to the house to defendant in error, and that the policy thereupon, by force of. the stipulation referred to, became and thereafterwards continued to be void. Defendant in error insisted that such was not the effect of the deed, because it was never delivered to him, but at the time of the fire was held as an escrow by a bank of which he was president. The trial court was of opinion it appeared from the testimony that the deed was not delivered so as to· become operative before the fire occurred, and he therefore peremptorily instructed the jury to find in favor of defendant in error. The appeal is from a judgment in accordance with such a finding.

Locke & Locke, of Dallas, for plaintiff in error. Young & Stinchcomb, of Longview, for defendant in error.

WILLSON, C. J. (after stating the facts as above). [1, 2] Long before the fire occurred the deed from the Newtons to defendant in error was actually manually delivered by the former to the latter. If when so delivered the deed became effective as a conveyance, it passed the title in the Newtons to the house to the defendant in error, and so effected "a change in the title of the subject of the insurance" within the meaning of the stipulation in the policy set out in the statement above. If it did that, then the policy ceased, before the fire occurred, to be a binding obligation on the part of plaintiff in error, and the judgment should have been in its favor instead of against it. Careful consideration of the record has convinced us that it conclusively appeared that the deed became effective as a conveyance when it was delivered as stated, and that the trial court therefore erred when he refused the request of plaintiff in error that he peremptorily instruct the jury to find in its favor. The claim made that the delivery of the deed was not to defendant in error as the grantee named therein, but to the bank of which he was president, to hold until he obtained and canceled the notes of Newton held by Harris, is, we think, without support in the evidence. Newton testified he left the deed with defendant in error because he had known him 20 years, had confidence in him, and thought he would carry out his agreement to cancel the notes held by Harris. No inference to the contrary of what Newton's testimony showed could fairly have been drawn from testimony of defendant in error that the deed was left in the vault of the bank of which he was president, in view of his further testimony that Newton left the deed with him on his agreeing not to have it recorded until he had obtained and canceled the notes held by Harris. In fact, the testimony of Newton and defendant in error, respectively, considered as a whole, was that the deed was delivered to the defendant in error as the grantee named therein, and that neither of them at the time understood that the delivery was in escrow to the bank through defendant in error as its president.

[3] Another theory upon which it is claimed the judgment may be supported is that it was understood between Newton and defendant in error at the time the deed was delivered to the latter that it should not be effective as a conveyance until defendant in error had procured and canceled the notes held by Harris. In other words, it is claimed that the deed was delivered to defendant in error as an escrow, and that he held it as such at the time of the fire. But the rule is that the grantee named in a deed cannot hold it as an escrow. Holt v. Gordon, 107 Tex. 137, 174 S. W. 1097.

"The effect," says the writer of the article in "Deeds" in 8 R. C. L. 983, "of a direct delivery to the grantee cannot be obviated by the intention of the parties that it shall operate merely as an escrow to take effect only upon specified contingencies, the intervention of a third person being absolutely essential to the accomplishment of such a purpose. * * * This is one of the instances in which the law fails to give effect to the honest intention of the parties, for the reason that they have not adopted the legal means of accomplishing their object."

[4] The stipulation in the contract was a valid one. Insurance Co. v. Davis, 167 S. W. 176; Fire Association v. Perry, 185 S. W. 374. As it was violated, we see no way of escape from the conclusion that plaintiff in error was not liable to defendant in error.

The judgment will be reversed, and judgment will be here rendered that defendant in error take nothing by his suit.