## MEDINA OIL DEVELOPMENT CO. v. MURPHY et al. (No: 6568.)

(Court of Civil Appeals of Texas. San Antonio. May 26, 1921. Rehearing Denied June 27, 1921.)

1. **Tenancy in common ⬗49 — One cotenant cannot give valid oil lease to specific portion of tract.**

One cotenant owning an undivided one-half interest in a large tract of land cannot give a valid oil lease to a stranger which covers a specified portion of the tract, since he cannot convey a distinct portion of the estate by metes and bounds.

2. **Partition ⬗11—Amendment of statute authorizing partition by mineral lessors did not change character of remedy.**

Act March 28, 1917 (Acts 1917, c. 105 [Vernon's Ann. Civ. St. Supp. 1918, art. 6096]), amending Rev. St. art. 6096, so as to authorize partition of mineral lands, whether held in fee or by lease, while it enlarged the purpose of the former statutes so as to give a right to partition to those not theretofore entitled to partition, did not change the nature of the partition, or render inapplicable the decisions construing the statute before its amendment.

3. **Partition ⬗13—Oil lessee cannot compel partition as against cotenants in fee.**

Under Rev. St. art. 6096, even since its amendment by Act March 28, 1917 (Acts 1917, c. 105 [Vernon's Ann. Civ. St. Supp. 1918, art. 6096]), to permit partition of mineral lands held by lease, partition can be compelled only by cotenants holding a title of the same nature, so that the lessee under an oil lease granted by one of two tenants in common cannot compel a partition against the cotenants of his lessor.

4. **Partition ⬗13—Lessee from one cotenant of specified portion cannot compel partition of entire tract.**

Even if an oil lessee of a cotenant could compel partition, he is not entitled to such relief where his lease was executed by an owner of an undivided one-half interest in the tract to be partitioned, but described a specified portion thereof as covered by the lease, since one cotenant cannot select a portion to be set off by him in partition, and the lessee acquired no interest except in the described portion.

Appeal from District Court, Medina County; R. H. Burney, Judge.

Suit for partition by the Medina Oil Development Company against J. E. Murphy and others. From a judgment dismissing the suit, when plaintiff declined to amend its petition after demurrer thereto was sustained, plaintiff appeals. Affirmed.

De Montel & Fly, of Hondo, for appellant.
Hertzberg, Kercheville & Thomson, of San Antonio, for appellees.

SMITH, J. This is a partition suit brought by the Medina Oil Development Company against J. E. Murphy and wife and Jack M. Fusselman. A general demurrer to plaintiff's petition was sustained, the plaintiff declined to amend, the suit was dismissed, and this appeal results. The petition discloses, in short, that Fusselman and the Murphys each owned the fee-simple title to an undivided one-half of four tracts of land in Medina county, aggregating 1,951 acres, and that Fusselman, without the joinder of the Murphys, gave the company a five-year oil and gas lease on a part of two of the tracts, specifically described and embracing 1,000 acres.

[1] In its petition the plaintiff below asked, primarily, that the 1,000 acres covered by the lease from the Murphys be set aside in their entirety to the use of the lessee for the purpose of operating thereon under the terms of the lease. The effect of such judgment would be to give to the lease the same full vitality that it would have had if the Murphys had joined Fusselman in its execution. Such relief could not be granted. As to his cotenants, the Murphys, the lease executed by Fusselman was void, and without any force whatever to in any manner bind the Murphys. In McKey v. Welch, 22 Tex. 396, Chief Justice Wheeler, discussing this very question, said:

"It appears to be well settled, and upon good reason, that one joint tenant, or tenant in common, cannot convey a distinct portion of the estate, by metes and bounds, so as to prejudice his cotenant; for, to give effect to such alienations, as against the cotenants of the grantor, would be to create new tenancies in common, in distinct tracts or parcels of the estate, held in common, to the injury of the cotenants. As one tenant in common has no right, on partition, to select any particular portion of the land, and insist on having his part set off in that specific portion, so he cannot convey such a right to his grantee. * * * 'One joint tenant, or tenant in common,' says Kent, 'cannot convey a distinct portion of the estate by metes and bounds, so as to prejudice his cotenants, or their assignees, even though it may bind him by way of estoppel. As against the cotenants, such a deed is inoperative and void.' 4 Kent's Com. 368."

The main contention of appellee is for a partition of "the oil and gas rights" of the property "as owned" by all the parties, "and the part of said land upon which plaintiff is entitled to the oil and gas rights be set aside and designated, and plaintiff be given the exclusive right and privilege to use the same under the terms and conditions of its said oil and gas lease," this being the language of the prayer for alternative relief. Appellant relies upon Article 6096 of the Statutes, as amended by Act March 28, 1917 (Law 1917, c. 105 [Vernon's Ann. Civ. St.

Supp. 1918, art. 6096]), as authority for the action to compel partition. The article as amended reads:

"Any join owner or claimant of any real estate or of any interest therein or of any mineral, coal, petroleum, or gas lands, whether held in fee or by lease or otherwise, may compel a partition thereof between the other joint owners or claimants thereof in the manner provided in the succeeding articles of this chapter."

[2] The act of 1917 amended article 6096 only to the extent of inserting therein the additional words, "or of any mineral, coal, petroleum or gas lands, whether held in fee, or by lease or otherwise," and it may be said, therefore, that the constructions placed by the decisions upon the provisions of the original article are applicable alike to the provisions of the amended article, in so far as they announce and apply the general principles governing partition or the character of ownership of the estate subject to partition. In the original article the right to partition was given only to joint owners of real estate, or of any interest therein, while the amended article enlarges the purpose of the law so as to give the right of partition, not only to joint owners of real estate, or of any interest therein, but as well to joint owners of any oil or gas lands, "whether held in fee, or by lease or otherwise." It will be observed that the right to partition is given, under the new as well as the old statute, only to joint owners of the property sought to be partitioned. As we understand the rule to be in Texas as well as in all the other states, perhaps, unless the plaintiff in a partition proceeding has an equal right to possession, he cannot compel partition. Tieman v. Baker, 63 Tex. 641. A joint owner of the fee, or of any interest in the fee, may compel partition of the land, and in this way have his portion of the fee or interest therein segregated from all the other portions, and given over to his exclusive use and enjoyment. This is true because the owners of that interest have the equal or joint right to possess, the estates of all are of equal dignity, and the interest of each owner is in kind, and capable of partition. The partition is of the possession, and not of the title. As was said by Justice Stayton, in the Tieman v. Baker Case, supra:

"The very purpose of partition is to enable one holding or entitled to hold with others an *undivided possession*, to sever that possession and right, and thenceforth to hold an *exclusive possession* of a specific part of the property, *which before partition all the co-owners had the equal right to possess.*" (Italics ours.)

[3] In our opinion, the lessee here cannot compel the lessor, the owner of the fee, and his cotenants, to partition. The estate of leasehold here differs from and is of less dignity than, and is subservient to, the estate of freehold; the two estates are by no means common, or of a kind. The lease held by appellant in terms limits appellant to the right to go upon the leased premises for the "sole and only purpose" of exploring and drilling for and producing, saving, and removing oil and gas, and the uses incident to that purpose. It conveyed only a particular and very limited estate in land whereof the grantor held the general estate. It did not convey the exclusive dominion of any part of the premises so as to make the lessee a tenant in common, or joint tenant, of the owner of the fee. In 30 Cyc. 178, it is said that:

"It is indispensable that the property sought to be partitioned be held in cotenancy. A parcel of land may be so held that it would require a conveyance from many persons to vest an estate in fee in the whole thereof in any one, and one or more of the persons having interests in the property may be anxious to separate that interest and turn it into an estate which he can transmit and enjoy free from the conditions and paramount rights to which his present estate or right is subject, as where one person owns the ground and the other the buildings or other improvements thereon, or one owns the lower and the other the upper story of a house, or one owns the property and the other is entitled to an easement or other right therein. In all such cases there can be no compulsory separation. To any judicial proceeding seeking such separation it is sufficient answer, although several estates exist and are vested in many persons, none of such estates is held in cotenancy. Plaintiff in the proceeding must fail, no matter what his interest in the property may be, if that interest is not the interest of a cotenant."

[4] There is another, and we think sufficient, reason for holding that the plaintiff below was not entitled to partition as prayed for. The lease in question covered only 1,000 of the 1,951 acres owned jointly by the Murphys and Fusselman. Partition of the entire 1,951 acres is here sought. In no event would appellant be entitled to a partition of land not covered by his lease, which includes only 1,000 acres specifically described. It does not embrace the remaining 951 acres, or any part thereof. Appellant obtained no interest, by lease or otherwise, in the 951 acres, and cannot obtain an interest therein by floating his lease down upon it by partition. As was said by Chief Justice Roberts in Arnold v. Cauble, 49 Tex. 527:

"A partition is a distribution of land between persons who are part owners, and cannot be made to operate as a conveyance of land to one of the parties to the suit who had no interest in or title to the particular portion which was given to him in the division."

Appellant asserts that a life tenant may compel partition with the reversioner or remainderman, and that by the same authority it, as the owner of the lease here involved, may force partition with the lessor and

the lessor's cotenant. Morris v. Morris, 45 Tex. Civ. App. 60, 99 S. W. 872, is cited as authority for the contention that a life tenant may compel partition, and it is in fact so held in that case, the decision being based upon the opinion in the case of Tieman v. Baker, supra. The only question directly decided in the latter case was that Tieman could not compel partition of a tract upon the whole of which he held a life estate, the reason given by the court for so holding being that, even without partition, "such a title and estate would give to the plaintiff the right to possess the entire lot." It is said, incidentally, in that opinion, that if the life estate extended only to a portion of the tract there involved, "We have no doubt that, as against the owner of the life or other estate in the residue of the lot, the plaintiff would be entitled to partition; for the statute declares that 'any joint owner or claimant of any real estate, or of any interest therein, may compel a partition thereof' etc." The opinion then expresses a serious doubt if that can be done, however, saying:

"And it may be that in such case, with the owners of the entire estate, including reversioners or remaindermen, before the court, the property might be sold, if necessary, to secure to the holder of only a life estate his exclusive and specific interest. This, however, is not entirely clear. * * *
"When the right to possess the entire property exists in one holding a life estate, if such person has no other estate, no right to partition exists; for it could confer no benefit, as no higher estate can be acquired by partition."

It is finally suggested by the court, however, that if the plaintiff there had a part interest in the fee, as well as a life estate upon the whole tract, he could force partition, not because he owned the life estate, but because he owned the fee. On this point the opinion proceeds:

"If, however, the appellee has the right to the possession of the entire lot during the life of Matilda Tieman, * * * and owns in fee simple an undivided one-half of the lot, then he is entitled to have the property partitioned, for this may be necessary to that use and enjoyment of his interest in the property which as owner of the fee he is entitled to." (Italics ours.)

So it is not at all clear that the owner of a life estate only may compel partition in Texas. The general rule in this country is that such owner has not that right. Chickamauga Trust Co. v. Lonas, 139 Tenn. 228, 201 S. W. 777, as annotated in L. R. A. 1918D, 451 et seq. But if, under the decisions of this state the owner of the life estate may compel partition, it is only because of the fact that as such owner the life tenant is entitled to the possession of the property. He is entitled to the exclusive possession against every other person, and for every purpose, except, perhaps, to waste or destroy. Here appellant obtained no such right of possession. From one of the joint tenants he obtained no rights; from the other he obtained only the right, so far as one cotenant could grant it, to go upon a specifically described portion of the land for the "sole and only purpose" of exploring and drilling for oil and gas, and the usual easements incident thereto, and to appropriate a part of the oil or gas it might produce in such operations upon the land specifically described.

Appellants suggests that, if it be held that partition in cases like this was not authorized by the amendment to article 6096, then the enactment was futile, and the purpose of it thwarted. We may say, without at this time expressly so holding, that perhaps the purpose of the amendment was to give to joint owners of mineral leases, or of the estate in minerals (where such estate has been separated by conveyance or reservation or exception from the estate in the surface), the right to compel partition with the other joint owners of such lease or estate; so that, if two or more persons together own a mineral lease, or the estate in the mineral deposits, and quarrel among themselves over the management or operations, one may compel a partition with the others and procure a segregated portion whereon he may manage and operate according to his own notions, and without interference from his former joint owners, subject, of course, and without prejudice, to the rights of the owners of the general estate in the land. This right of partition, however, if in fact created by this act, is an innovation, and had not before been permitted here or elsewhere, for the rule seems to have been universal that such rights are incapable of partition. The reason for this rule seems to be that there can be no definite sale and delivery of oil or gas in place because of their fugitive nature, since they are supposed to percolate restlessly about under the surface of the earth, even as the birds fly from field to field and the beasts roam from forest to forest; so that when production occurs all the oil or gas may have accumulated under the subdivision of one partitioner, and a gross inequality results. It is not for us, however, to question the wisdom or further construe the act in question. We do not think it was contemplated by that act to authorize the partition prayed for by appellant, and we so hold.

The judgment of the court below should in our opinion be affirmed, and it is so ordered.

Affirmed.