**INVINCIBLE OIL CO. v. ROSE et al.**
**(No. 1299.)**

(Court of Civil Appeals of Texas. El Paso.
March 2, 1922. Rehearing Denied
April 20, 1922.)

**Vendor and purchaser** &⇒223—**Title of lessee under mineral lease not sufficient to support plea of innocent purchaser.**

Where record title to community property was in the husband, the title acquired by mineral lease executed by husband for term of 12 months, with the right to extend the lease without commencement of operations for successive periods of 6 months by payments of specified amounts, *held* void as to wife's undivided one-half interest, though lessee took lease without notice of wife's interest; the title under a lease not being sufficient to support the plea of an innocent purchaser.

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

Suit by Lacy Rose and others against the Invincible Oil Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

E. H. Ratcliff, of Fort Worth, for appellant.

Burkett, Anderson & Orr, of Eastland, for appellees.

### Statement of Case.

HIGGINS, J. Appellees, the heirs at law of Savannah F. Maddox, deceased, brought this suit against R. C. Maddox and his present wife, and the Invincible Oil Company to recover an undivided one-half interest in a tract of 106⅔ acres of land. The land was community property of R. C. Maddox and his former wife, the said Savannah F. Maddox. The title stood in the name of R. C. Maddox. Subsequent to the death of Savannah F. Maddox, the said R. C. Maddox and his present wife gave a mineral lease upon the land to the Invincible Oil Company. The Oil Company paid a valuable consideration therefor and acquired the same from R. C. Maddox, in whom the record title was vested, without notice of the right of the appellees. Pertinent portions of the lease read as follows:

"Know all men by these presents, that we, R. C. Maddox and wife, R. M. Maddox, of Okra post office, of the county of Eastland, and state of Texas, hereinafter called lessor, whether one or more, have and by these presents do hereby lease unto the Invincible Oil Company, hereinafter styled the company, the tract of land hereinafter described with the right of exploiting the same for and of producing minerals therefrom, and to that end also grant the exclusive right of drilling and operating thereon for and of producing minerals therefrom, and to that end also grant the exclusive rights of way of drilling and operating thereon for oil and gas or other minerals, together with rights of way for and the right to lay pipe lines to convey water, oil, steam and gas and the right to have and use sufficient water, oil, gas, and coal from the premises to drill and operate any wells that it may bore or shaft it may excavate, or in treating so as to make merchantable any of such minerals, and also such other privileges as are reasonably requisite for the conduct of said operations, and the right to remove at any time from said premises any and all property which may have been placed thereon by said company. [Here follows description of land.] * * * To have and to hold unto the said company, its successors and assigns, for the term and under the provisions as follows, to wit:

"First. Said company shall have the exclusive right to make as many attempts if and as it shall desire to find oil or gas in paying quantities on or in said premises. It may begin operations in any such attempt at any time within 12 months from this date, and it has the right to extensions of the time in which it may begin such operations for successive periods of 6 months by paying to lessor or depositing to lessors' credit in the First State Bank of Eastland, Texas, on or before the first day of such respective six months' period the sum of twenty-six and 50/100 dollars. If during said twelve months period, or during any extension

period into which such exclusive right shall have been prolonged, the company shall have begun operations in an attempt to find oil or gas in paying quantities, then without making any further payment it may continue with reasonable diligence such attempts as long as it shall wish to do so and make as many attempts as it pleases; but if it shall cease attempts without finding oil or gas in paying quantities, then if it shall desire to continue such exclusive right in force it must within 60 days from such cessation pay in the manner above stated any sum which have become due for an extension if such attempt had not been begun, and on such payment being made, said company shall have and retain such exclusive right, just as though such attempt or attempts had not been begun, and as though all requisite payments for extension had been made within the time above specified therefor. These extension periods in which such right may be acquired to begin such attempts shall not be prolonged beyond 5 years from this date, and if such operations shall not be begun on or before the expiration of said 5 years from this date this lease shall wholly terminate: Provided, if prior to such termination said company shall have begun operations in an attempt to find oil or gas, then it shall have the right to continue such attempt with reasonable diligence, as also to make as many additional attempts to find oil or gas in paying quantities as it pleases, even beyond the expiration of said 5 years term: Provided, however, that these attempts so extending its right beyond such 5 years term must be successive in the sense that until oil or gas be found in paying quantities not more than 60 days shall elapse between the cessation or abandonment of work on one well and the beginning of operations on another.

"Second. If during the continuance of said exclusive right there shall be found on said premises oil or gas or other minerals in paying quantities, then from and after such discovery none of the conditions or provisions of paragraph first shall have any application and said company shall have the exclusive right to mine for and produce any and all of the minerals underlying said premises, so long as any of them can be produced in paying quantities and without any requirement to make any further payment to continue this lease in force except to deliver the royalties as hereinafter stipulated.
* * *

"Sixth. If even prior to any discovery of oil on said leased premises, and while this agreement shall be in force there shall be drilled on adjacent property and within 200 feet of any line of said leased premises a well producing as much as 200 barrels of oil per day for 30 consecutive days the company agrees that it will with reasonable diligence begin and prosecute the drilling of a well on said leased premises in a faithful effort to find and produce thereon oil in paying quantities. * * * The company has this day paid to the said lessor the sum of $53, the receipt of which is hereby acknowledged, and which payment is received in full satisfaction for each and every right hereby granted. * * *"

Verdict was returned, and judgment rendered in favor of the plaintiffs, and the Oil Company appeals.

#### Opinion.

Error is assigned to the refusal of a peremptory instruction to find for the Oil Company; it being contended that it was an innocent purchaser for value, and as such entitled to protection against the claim of the appellees. But, upon the authority of National Oil & Pipe Line Co. v. Teel, 95 Tex. 586, 68 S. W. 979, this court holds that under the lease in question appellant acquired no such title in or to the land as would support the plea of an innocent purchaser.

Affirmed.