LUCKEL v. PHILLIPS PETROLEUM CO.*
(No. 342-3713.)

(Commission of Appeals of Texas, Section A.
Oct. 11, 1922.)

1. Mines and minerals ⬤⇒6—Oil and gas permit not lease of land.

A permit to prospect state lands for oil and gas, issued under Vernon's Ann. Civ. St. Supp. 1918, art. 5904 et seq., does not confer a right to such minerals, nor is it a lease of the land, but is a mere optional right to acquire an interest in the land which is equitable in nature.

2. Mines and minerals ⬤⇒6—Innocent purchaser of state oil and gas prospect permit will be protected as against one with only equitable interest in land.

An innocent purchaser of a permit to prospect state lands for oil and gas will be protected as against one having only an equitable interest in the land.

3. Estoppel ⬤⇒72 — Innocent purchaser of state oil and gas prospect permit from partner will be protected.

Where each partner in the making and filing applications for and procuring permits to prospect state lands for oil and gas trusted the other to file claims and secure permits without giving to the business world notice of the relationship, an innocent purchaser from a partner who secured a permit in his own name will be protected under the maxim, "He who trusts most suffers most."

Error to Court of Civil Appeals of Second Supreme Judicial District.

Action by F. L. Luckel against the Phillips Petroleum Company. A judgment for defendant was affirmed by the Court of Civil Appeals (235 S. W. 605), and plaintiff brings error. Affirmed.

Hawkins & Hawkins, of Breckenridge, and Sayles & Sayles, of Abilene, for plaintiff in error.

Turner & Turner, of Fort Worth, for defendant in error.

SPENCER, P. J. Plaintiff in error, F. L. Luckel, instituted this suit to establish an undivided interest in a mineral permit, issued by the state of Texas to Joe Darnall in pursuance of title 93, chapter 1, of Vernon's Sayles' 1918 Supplement, covering 31½ acres of unsurveyed mineral land in Stephens county, Tex.

Prior to December 2, 1918, and until January 1, 1919, plaintiff in error and Darnall were engaged as partners in making and filing applications for, and procuring from the state, mineral permits to prospect and develop petroleum and gas on public school lands lying in Stephens county, Tex.

During the existence of the partnership, Darnall filed in the office of the surveyor of Stephens county, as required by article 5904c,

Vernon's Sayles' Civil and Criminal Statutes, 1918 Supplement, an application in his name for a permit on the land in question. All the formalities entitling the applicant to a permit having been complied with, the permit was issued to Darnall on the 23d day of April, 1919.

At the time of the dissolution of the partnership, plaintiff in error had no knowledge or notice that Darnall had filed the application or that he had received the permit. It is, without dispute, in evidence that at the time of the dissolution there was a settlement and accounting between the partners and all the outstanding debts of the partnership were paid.

On September 12, 1919, plaintiff in error executed, acknowledged, and filed for record in the office of the county clerk of Stephens county a written notice of his claim to, or interest in, the permit in question.

On September 18, 1919, there was filed for record in the office of the county clerk of Stephens county a written instrument dated August 3, 1919, signed and acknowledged by Darnall, transferring the permit and all of the rights accrued and to accrue thereunder to Charles F. Roeser.

Roeser had no notice or knowledge of Luckel's claim until he discovered that Luckel had filed the statement with the clerk. On September 13, 1919, Roeser executed and delivered to defendant in error, Phillips Petroleum Company, a written transfer of an undivided three-fourths interest in the permit. Phillips Petroleum Company had no notice of the partnership or of defendant in error's claim to the permit. A witness for it testified that the company purchased the permit the 17th day of August.

In a trial before the court, without the aid of a jury, a judgment was rendered against plaintiff in error from which he appealed to the Court of Civil Appeals at Fort Worth. The judgment of the trial court was by the latter court affirmed. Luckel v. Phillips Petroleum Co., 235 S. W. 605.

[1] Plaintiff in error contends that his rights in the permit became fixed at the date of the filing by Darnall of the application, and that as the permit is a mere option entitling the holder to prospect for and develop petroleum and natural gas, which at most is but an equitable title, that Roeser nor the Phillips Petroleum Company can be an innocent purchaser thereof as to plaintiff in error's undivided interest in the permit. In support of this proposition he cites Oil & Pipe Line Co. v. Teel, 95 Tex. 586, 68 S. W. 979.

The permit only entitled the owners or applicant to prospect for and develop petroleum and natural gas. It did not confer upon them a right to such minerals. It was not even a lease of the land, but only a

basis for obtaining a lease thereon. It was a merely optional right to acquire an interest in the land, equitable in its nature, and the only interest purchased by Roeser or the Phillips Petroleum Company was equitable. National Oil & Pipe Line Co. et al. v. Teel et al., 95 Tex. 587, 68 S. W. 979.

[2, 3] The rule in the Teel Case does not, however, control the disposition of this one. It must be borne in mind that the right of plaintiff in error Luckel was also a purely equitable one. His right was no greater than that of Darnall. The case then involves a controversy between two parties who have an equitable interest; and in no sense a controversy between parties, one of which holds the legal title and the other the equitable one. The identical question was presented and decided in Johnson v. Newman, 43 Tex. 628. It was there said:

"And in either event they contend they are entitled to a judgment against appellees, because as they have only an equitable right they are not entitled to protection under the doctrine of innocent purchasers without notice; for this doctrine, they insist, applies only to parties who have purchased the legal title. That this is the general formula in which this rule is announced, and that ordinarily this doctrine, by which in a court of equity the elder legal title will be set aside for the benefit of the younger one, is not applicable to cases depending upon purely equitable considerations will not be controverted. (2 White & Tudor Lead. Cas. Eq. p. 39 et seq., and cases there cited.) Though this rule seems not to be without exception, for the like protection is afforded to equitable titles to which the registration laws are applicable. (Flagg v. Mann, 2 Sum. 551.) That it is not applicable between equities is also evident from the fact that in such cases the court will decide according to the very equity of the case, and no precise formula can be prescribed by which, as between purely equitable titles, this can be ordinarily ascertained."

Viewing the case as involving a controversy between purely equitable rights, the equity is in favor of the defendant in error because of the ancient maxim that "He who trusts most shall suffer most." The contract of partnership, between plaintiff in error and Darnall, preponderates the scale in favor of the defendant in error. In this agreement each partner trusted the other to file claims and secure permits without any manner, in so far as the record discloses, giving notice to the business world in general that any such relationship existed between them. Not having taken any precautionary methods to prevent injury to innocent third parties purchasing these permits, it would be unjust and inequitable to permit an innocent third person to suffer as the result of a plan of operation which the partnership promulgated.

In the Teel Case the controversy was between the owner of the legal title and the assignee of the purchaser, who had a mere equitable right. It was there held that such assignee could not be protected as an innocent purchaser against a defense by the owner of the legal title of fraud in obtaining the right from him. But such is not the case here. The owner of the legal title—the state—is not a party to the suit, nor is it asserting any rights or seeking any relief in this action.

Plaintiff in error relies upon the case of Invincible Oil Co. v. Rose et al. (Tex. Civ. App.) 239 S. W. 1023, as supporting the theory that the holder of an equitable title cannot be protected as an innocent purchaser as against the prior equitable title of another. In that case the husband leased community land of himself and wife to the Invincible Oil Company. The legal title was in the husband. The company paid a valuable consideration therefor without notice of the wife's interest. In a suit between the lessee and the heirs of the wife, the court held that the lessee could not be an innocent purchaser and therefore not entitled to protection. In our opinion that case was incorrectly decided, and we decline to follow it.

It is our conclusion, therefore, that the judgments of the Court of Civil Appeals and of the district court should be affirmed, and we so recommend.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.