**WOODS et al. v. ROLLS et al.** (No. 10782.)

(Court of Civil Appeals of Texas. Fort Worth. Oct. 18, 1924. Rehearing Denied Dec. 6, 1924. Writ of Error Granted Jan. 28, 1925.)

1. **Appeal and error** ⚖=931(3)—**In absence of findings by court without jury, every finding necessary to sustain judgment presumed.**

In absence of findings of court without jury, every finding necessary to sustain judgment will be presumed, if there is sufficient evidence to support such finding.

2. **Evidence** ⚖=5(2)—**Court cannot judicially know terms of "customary commercial mineral lease."**

Court cannot judicially know what are terms of "customary commercial mineral lease."

3. **Husband and wife** ⚖=275—**Mineral lease of community property executed by husband and second wife held to transfer husband's interest.**

Where record title to community property of husband and first wife was in husband, mineral lease by husband and second wife was not absolutely void, but transferred husband's rights as tenant in common to develop land for oil and gas.

4. **Partition** ⚖=13—**Lessees of entire tract under lease of community property executed by husband without consent of children held entitled to partition.**

Under Vernon's Ann. Civ. St. Supp. 1918, art. 6096, oil and gas lessees of entire tract of property belonging to husband and first wife executed by husband and second wife were entitled to partition as against children of first wife who did not consent thereto, where partition could be made without injuring childrens' interest, especially where no development had taken place.

*On Motion for Rehearing.*

5. **Cancellation of instruments** ⚖=45—**Burden on plaintiffs to make out prima facie showing of right to cancellation of mineral lease.**

In suit to cancel mineral lease, burden is on plaintiffs to make out prima facie showing of right to cancellation.

6. **Escrows** ⚖=3—**Failure of contingency annexed to delivery of lease to lessee held not to entitle lessor to cancellation.**

Where mineral lease of community property executed by husband without consent of children was delivered to lessee, neither husband nor children were entitled to cancellation thereof, because of agreement that it should not be effective unless children also signed it,

since there could be no valid escrow delivery to grantee.

Error from District Court, Montague County; H. R. Wilson, Judge.

Suit by Ira Rolls and others against J. S. Woods and others. Decree for plaintiffs, and defendants bring error. Reversed and remanded.

Robt. K. Crain, of Wichita Falls, and W. O. Davis, of Gainesville, for plaintiffs in error.

J. M. Donald, of Bowie, for defendants in error.

DUNKLIN, J. J. S. Woods, T. L. Coleman, and H. E. McMahon have prosecuted a writ of error from a decree of the district court of Montague county canceling and annulling an oil and gas lease upon 100 acres of land which was executed by C. L. Rolls and wife, Nettie Rolls, to H. F. McMahon. The evidence showed that McMahon later assigned the lease to John Woods, who thereafter assigned 20 acres of it to T. L. Coleman.

The suit was instituted by Ira Rolls and three other children and heirs of C. L. Rolls and his deceased wife; C. L. Rolls having married his present wife, Nettie Rolls, after the death of his first wife, who was the mother of plaintiffs.

[1] The case was tried before the court without a jury, and, in the absence from the record of findings of fact filed by the trial judge, every finding necessary to sustain the judgment will be presumed, if there is sufficient evidence in the statement of facts to support such a finding.

The proof was sufficient to sustain a finding that the property in controversy was the community property of C. L. Rolls and plaintiffs' mother, as alleged by plaintiffs, and that plaintiffs still own their mother's community interest, although the record title was in C. L. Rolls with no showing in the deed records or any other public record of the plaintiffs' community interest in the property. The statement of facts further shows that the lease was executed by C. L. Rolls and his present wife; that it was acknowledged in statutory form and duly recorded in the deed records of the county where the land was situated.

As shown in their pleadings, the basis of plaintiffs' claim for a cancellation of the lease was the contention that, since they owned an undivided interest in the property with their father, C. L. Rolls, the lease was absolutely void, and apparently that contention was sustained by the trial court.

C. L. Rolls and wife were made parties defendant, but they filed pleadings in which they joined with the plaintiffs in seeking a cancellation of the lease on the same grounds that were relied on by plaintiffs.

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

As shown by bill of exception, Judge Paul Donald, the judge of the Ninety-Seventh judicial district, which embraced Montague county, where the suit was filed, and where it was tried before Hon. H. R. Wilson, as presiding judge of the court, appeared as one of the attorneys for the plaintiffs in conjunction with his brother, Hon. June Donald, his former law partner, and argued the plaintiffs' demurrers to the answer filed by the defendants; that defendants excepted to such action, but that Judge Donald insisted upon his right to do so, and the court made no ruling upon the objection. The bill of exception contains this further statement:

"Thereafter the said Judge Donald was present in the courtroom during the trial of the case, and probably communicated with his brother, but I do not recall the details."

Plaintiffs' original petition had been signed by the firm of Donald & Donald. Article 334, Rev. Statutes, reads as follows:

"No judge of the Supreme Court, or Court of Criminal or Civil Appeals, or district court, sheriff, or deputy sheriff, clerk, or deputy clerk of any court, or constable, shall be allowed to appear and plead as an attorney in any court of record in this state; nor shall any county judge be allowed to appear and practice as an attorney at law in any of the county courts or courts of the justices of the peace in this state."

The article itself does not contain any provision that a violation thereof would constitute reversible error, nor have we found any decision so holding. In McAllen v. Raphael (Tex. Civ. App.) 96 S. W. 760, that question was presented, but the assignment upon which it was based was overruled on the ground that the error of the trial court in permitting the regular judge of the court to appear and argue the case was harmless, in view of the fact that, as shown by the record, no other judgment could have been rendered than that from which the appeal was prosecuted.

The appellees insist that the error now under discussion was harmless, since the record fails to show that the demurrers were sustained, and since according to their contention no other judgment could have been rendered under the law and the undisputed facts.

Another bill of exception appears in the record which shows that trial of the cause was begun April 11, 1923, and that, after the case was argued, on the following morning the judge took it under advisement until the 11th day of May, 1923, at which time the judgment was rendered without notice to the defendants or their attorneys in their absence, and that the court then adjourned for the term; the adjournment being upon the same day the final judgment was rendered. The bill further shows that defendants' attorneys did not know of the rendition of the judgment until after the same had been entered upon the minutes of the court and after the court had adjourned for the term. Rule 66, for the government of district and county courts, reads as follows:

"A cause that has been submitted for trial to the judge on the law and facts shall be determined and judgment rendered therein during the term at which it has been submitted, and at least two days before the end of the term, if it has been tried and submitted one day before that time, unless it is continued after such submission for trial, by the consent of the parties placed on the record, and in such event a statement of facts and bills of exception shall be prepared and filed upon a request in writing by either party."

In Camoron v. Thurmond, 56 Tex. 22, a judgment of the district court was reversed because of a violation of that rule. In Rowe v. Gohlman, 44 Tex. Civ. App. 315, 98 S. W. 1077, and Harris v. Harris, 50 Tex. Civ. App. 188, 109 S. W. 1138, the court refused to reverse the judgment because of a violation of that rule, by reason of the fact that the right to claim a reversal was waived by counsel for the appellant by permitting a judgment to be rendered without protest or without objection based on that rule.

It is unnecessary for us to determine whether or not the judgment in the present suit should be reversed by reason of either of the two errors pointed out above, since we have concluded that it should be reversed for other reasons hereinafter stated.

[2, 3] The lease is not set out in the statement of facts in full, but the statement of facts contains a reference thereto, describing it in general terms as a lease in the usual form of oil and gas leases, and as containing the usual provisions of a "customary commercial mineral lease," and that it "conferred upon the lessee and his assigns the exclusive right to prospect and drill on the land for oil and gas and remove the same therefrom, etc., so long as said lease should remain in force, by requiring the lessee and his assigns to pay to the lessor the usual royalty of one-eighth of the oil produced and $200.00 per annum, payable quarterly, for each well producing gas exclusively."

It is also stated that the lease contained the usual provisions for loss or forfeiture for failure to begin drilling operations on or before a certain date, or in lieu thereof pay a certain sum of money for the privilege of continuing the same in force for a period of six months throughout a period of four years from the date of the first extension. We cannot know, judicially, as a matter of law, just what are the terms of "a customary commercial mineral lease." However, from the language quoted above from the statement of facts we think it is apparent that whatever rights C. L. Rolls had as a tenant in common to develop the land, or any part thereof, for oil and gas were trans-

ferred and assigned to his lessee. In 16 R. C. L. p. 604, it is said:

"One cotenant may lease his individual share in the common property, and as between the lessor and lessee, under the familiar principle that a lessee is estopped to deny his landlord's title, a lease by one cotenant would be operative, but one cotenant has no inherent power to lease the common property so as to affect any of the rights of his cotenants."

In New Domain Oil & Gas Co. v. McKinney, 188 Ky. 183, 221 S. W. 245, by the Court of Appeals of Kentucky, it was held that an attempted sale by one cotenant of all the oil under certain land which was owned by himself and his sister did not divest his sister of her proportionate part, but merely constituted his vendee a cotenant with his sister. To the same effect is the decision in the case of Burnham v. Hardy Oil Co., 147 S. W. 330, by the Court of Civil Appeals. That case was later disposed of by the Supreme Court, but the ruling of the Court of Appeals on the question was not disturbed. Also the decisions by the Supreme Court of Oregon in Du Rette v. Miller, 60 Or. 91, 118 P. 202, Ann. Cas. 1913D, 1163. In a note to the last cited report of the case numerous authorities are cited as holding that each tenant in common has the right to enter upon and use the land, and neither can exclude the other from the right so to do, although a lease by a part only of the tenants in common of any or all the land is void as to those tenants who do not join in the lease or accept its benefits. It is further held in those authorities that, even though one tenant in common leases the land, the tenant in common not joining in the lease may ratify as to his interest by accepting his pro rata part of the profits arising from the lease.

The case of Medina Oil & Gas Co. v. Murphy (Tex. Civ. App.) 233 S. W. 333, is one of the cases relied upon by the defendants in error. The principal question decided in that case was that a lessee of one tenant in common of a part of a tract held in common, without the consent of his cotenant, could not claim the right to have a partition of the entire tract so as to set apart a portion of it to him to be used to the exclusion of the other cotenants, although the opinion in the case does announce the general rule that one tenant in common cannot, without the consent of another, execute a lease which would be binding upon the interest of his cotenant.

In Compton v. Peoples' Gas Co., 75 Kan. 572, 89 P. 1039, 10 L. R. A. (N. S.) 787, it was held that an oil lease executed by a widow on land owned jointly with her children conveys her individual interest in the oil and gas privileges and is not void because executed by the widow alone, although such conveyance would not affect the rights of her children in the land.

Another decision relied upon by appellees is Invincible Oil Co. v. Rose (Tex. Sup.) 239 S. W. 1023. In that case the only question decided was that the holder of a mineral lease, executed by a husband on land belonging to the community property of himself and wife, could not sustain a plea of innocent purchaser of the wife's community interest. That was the only question involved in the decision which held that the lessee acquired no title at all to that interest of the wife. The opinion was predicated upon the decision of the Supreme Court in National Oil & Pipe Line Co. v. Teel, 95 Tex. 586, 68 S. W. 979. However, appellees, with commendable frankness, call attention to the fact that in Luckel v. Phillips Petroleum Co., 243 S. W. 1068, the Commission of Appeals noted the holding in the Invincible Oil Company Case and expressly refused to follow it. And it is to be noted further that the decision last mentioned was rendered prior to the decision of the Supreme Court in the case of Stephens Co. v. Mid-Kansas Oil Co., 113 Tex. 160, 254 S. W. 290, 29 A. L. R. 566, and other decisions of the same court cited in Texas Co. v. Barker, 258 S. W. 864, wherein it was held that a mineral oil lease was such an interest in realty as would support a plea of innocent purchaser.

[4] The lease was certainly binding on C. L. Rolls' interest in the land, and therefore we are of the opinion that it cannot be said that it was absolutely void as held by the trial court; and for that reason the judgment of that court is reversed.

By another assignment the contention is made that the appellants were entitled to have the land partitioned between them and appellees so as to set apart a portion of the tract and give them a valid mineral lease on that tract as against appellees. Article 6096, Vernon's Ann. Civ. St. Supp. 1918, reads as follows:

"Any joint owner or claimant of any real estate or of any interest therein or of any mineral, coal, petroleum, or gas lands, whether held in fee or by lease or otherwise, may compel a partition thereof between the other joint owners or claimants thereof in the manner provided in the succeeding articles of this chapter."

As noted already in Medina Oil Co. v. Murphy (Tex. Civ. App.) 233 S. W. 333, it was held that the lessee of a portion of a tract of land, under lease by one tenant in common without the consent of the other, could not claim the right of partition of the entire tract as against the other cotenants. The facts of that case differ from the facts in this, in that in the present suit the lease of C. L. Rolls was of the entire tract of 100 acres in controversy. A writ of error has been granted by the Supreme Court in that case, but we have not been able to find that it has been finally decided by the latter

court. By reason of the distinguishing facts noted above between that case and the present suit, we do not believe that it is authority for denying the appellants the right of partition of the land in controversy, provided such a partition can be made without injury to the rights of appellees. On the contrary, we see no reason why appellees are not entitled to the partition under the plain language of the statute above quoted, or to a sale of all interests in the property for the purpose of partition if an equitable partition in kind cannot be made, as provided by other articles of our statutes, provided, of course, such a partition can be made in such a manner as to fully protect appellants in their undivided interest in the land and the oil and gas therein contained; especially in view of the fact that the record shows that no drilling has been done upon the land to develop oil and gas, and therefore it cannot be determined whether or not such minerals can be found thereon, or whether or not one portion of the land is richer than other portions in such minerals. A more difficult question would arise if a part of the land had already been drilled and oil and gas in paying quantities had been discovered, and appellants were unwilling to ratify the lease by accepting their pro rata interest in the royalties provided for in the lease executed by C. L. Rolls.

The question of whether or not the evidence was sufficient to show that appellants had notice of appellees' interest in the land at the time they acquired their interest in the lease will not be discussed, in view of the fact that the cause is to be remanded for another trial.

For the reasons noted, the judgment is reversed and the cause remanded.

### On Motion for Rehearing.

[5, 6] In their pleadings in the trial court, defendants in error alleged that at the time C. L. Rolls and wife, Nettie Rolls, executed the lease in controversy to the plaintiff in error, H. E. McMahon, one of the defendants in the trial court, it was understood by and between the parties to the instrument that the lease was to be of no force or effect, unless the same was also executed by the plaintiffs Ira Rolls and the three other children of C. L. Rolls. There was testimony introduced upon the trial sufficient to sustain that allegation, and the defendants in error insist that the judgment of the trial court should be affirmed under the rule of decision that, in the absence of findings of fact and conclusions of law filed in the trial court by the trial judge trying the case without a jury, every finding will be presumed in favor of the judgment if such finding has support in the evidence. And it is insisted that a finding by the trial court of the facts so alleged would of itself warrant the judgment rendered, independently of all other issues.

While the defendants did not plead ratification and estoppel against the facts so pleaded by plaintiffs, yet the burden was upon plaintiffs and their father, C. L. Rolls, to make a prima facie showing of their right to a cancellation of the lease. It appears both from the pleadings of the plaintiffs and C. L. Rolls, as well as from the testimony referred to above, that the lease was executed and delivered by C. L. Rolls and wife to H. E. McMahon, with the understanding above mentioned. But, notwithstanding such pleading and proof, the plaintiffs and their father showed no right to the relief prayed for, since there could be no valid escrow delivery to the grantee. Holt v. Gordon, 107 Tex. 137, 174 S. W. 1097.

In the cited case it was held that it may be shown by parol testimony that an ordinary written instrument was executed under an agreement that it should not become effective except upon certain conditions to be performed, but that an instrument affecting title to land cannot be delivered in escrow to the grantee, and that, if delivered to the grantee, the grantor cannot thereafter be heard to say that it is not binding upon him because the delivery was upon a condition that the instrument was not to take effect except upon the happening of a certain contingency, or the performance of some act by the grantee. To the same effect is Springfield Fire & Marine Co. v. Morgan (Tex. Civ. App.) 202 S. W. 784.

Other points stressed in the motion for rehearing and the arguments based thereon have been duly considered, but we think the same are sufficiently answered in our opinion or original hearing.

Accordingly the motion for rehearing is in all things overruled.