## BELL et al. v. RUDD.
### No. 6168.

Court of Civil Appeals of Texas. Texarkana.
June 7, 1945.

Rehearing Denied June 14, 1945.

J. N. Saye, of Longview, for appellants.

Jones & Jones, of Marshall, and Weeks, Hankerson & Surles and Russell Surles, all of Tyler, for appellee.

HARVEY, Justice.

W. L. Rudd brought suit against J. B. Bell and wife, Daisy Bell, and F. A. Fuller in trespass to try title to recover the ⅞ oil, gas and leasehold estate in 505.59 acres of land in Harrison County, Texas. In the alternative, he pleaded that on May 2, 1944, J. B. Bell and wife sold to him an oil and gas lease on such land for a consideration of $3.00 per acre; that on said date they executed a lease on such land to him as lessee, and delivered it to him with the agreement between the lessors and lessee that the lease should be delivered by said lessee to a third party, an attorney at Marshall, Texas, and be held in escrow by him until the lessee should approve the title and pay the purchase price stipulated in the lease; that he the said W. L. Rudd, was to have a reasonable time in which to examine the title, and that before the expiration of such time, J. B. Bell and wife repudiated their agreement by executing and delivering to F. A. Fuller an oil and gas lease on May 12, 1944, covering the land involved. In his prayer for relief, W. L. Rudd asked for the title and possession of the said leasehold estate, for cancellation of the lease delivered by the Bells to Fuller, and, in the alternative, for specific performance of the contract between him and J. B. Bell and wife. The defendants pleaded a general denial and not guilty to the count in trespass to try title, and answered the alternative plea by admitting the execution of the lease to W. L. Rudd and its delivery to him for the purpose of placing it in escrow with the third party, but alleged that only ten days were to be allowed him for examining the title. They alleged further that it was agreed if the purchase price for the lease was not paid within the ten-day period the lease was to be returned to them; that Rudd breached the agreement by failure to deliver the lease to the escrow agent and by not paying for it within the time agreed

upon, by reason of which their lease to him never became effective. The Bells admitted the execution of the lease to Fuller, but alleged that it was not made until after Rudd had breached the agreement in the respects pleaded. Upon a trial to the court, a judgment was rendered that W. L. Rudd have specific performance of the lease contract from the Bells to him and that the lease to Fuller be cancelled, from which judgment this appeal is prosecuted.

The trial court found that J. B. Bell and wife on May 2, 1944, executed and delivered to W. L. Rudd a lease on the land in question, with an oral agreement at the time that the lessee, W. L. Rudd, would deliver it to a named attorney at Marshall to be held by him in escrow for a period of ten days, during which time the lessee should examine the title to the land, and if satisfied the purchase price of $3.00 per acre was to be paid to the lessors, and if not, the lease was to be returned to the Bells. It is undisputed in the evidence, and the trial court held, that the lease was not delivered to the escrow agent but was retained in possession of the lessee.

■ The principle of law has become firmly established that where a grantor delivers a deed or other instrument affecting land to the grantee named therein with the intention that it pass from his control and with an oral agreement that under certain contingencies it shall become effective without any further act on his part, such delivery or deposit constitutes an immediate absolute transfer of title. In such a case, parol evidence is not admissible to show that the delivery was conditional. There is a two-fold basis for this rule; namely, the parol evidence rule which inhibits parol evidence to vary the terms of a written instrument, and because such a delivery under the named conditions is an attempt to deliver the instrument in escrow to the grantee, which is ineffective as such because a delivery to a third party is necessary to an escrow. Holt v. Gordon, 107 Tex. 137, 174 S.W. 1097; Springfield Fire & Marine Ins. Co. v. Morgan, Tex. Civ.App., 202 S.W. 784; Wipfler v. Wipfler, 153 Mich. 18, 116 N.W. 544, 16 L.R.A.,N.S., 941.

■ It is immaterial in this case that the parol evidence which had the effect of changing or limiting the terms of the written instrument was admitted without objection, since incompetent evidence will not be considered as a basis to support a jury verdict or a fact-finding by a court. Southern Surety Co. v. Nalle, Tex.Com.App., 242 S.W. 197.

■ The judgment of the trial court awarding a recovery in favor of W. L. Rudd and cancelling the lease from the Bells to F. A. Fuller, who acquired said lease with knowledge at the time of the lease in favor of W. L. Rudd, is in all things affirmed.